Kay E. WALTHALL

v.

**E–Z SERVE CONVENIENCE STORES, INC.**

No. Civ.A. 96–3520.

United States District Court, E.D. Louisiana.

Oct. 22, 1997.

---

Jill E. Leber, Jill E. Leber, Attorney at Law, Covington, LA, for Plaintiff.

William Charles Ellison, Alvin Joseph Bordelon, Jr., Joe McCaleb Bilbro, Bordelon, Hamlin & Theriot, New Orleans, LA, for Defendant.

PORTEOUS, District Judge.

This motion came for hearing on an earlier date on the motion of defendant, E–Z Serve Convenience Stores, Inc., for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Oral argument was waived and the matter was taken under submission on the briefs.

The Court having considered the memoranda submitted by the parties is now fully advised in the premises and ready to rule.

*REASONS*

## I. BACKGROUND

On July 24th, 1997, this Court denied E–Z Serve's first motion for summary judgment. This Court applied the law in effect at that time which was *Welch v. Winn–Dixie Louisiana, Inc.,* 94–2331 (La.5/22/95), 655 So.2d 309. However, on September 9, 1997, the Louisiana Supreme Court overruled *Welch,* thus eliminating any burden shift to the defendant under La.R.S. 9:2800.6 to prove the absence of a condition.

Thereafter, defendant filed this second motion for summary judgment on the narrow issue of whether Walthall produced positive evidence showing that the alleged water spot existed for some period of time prior to her fall. Specifically, defendant argues Walthall failed to submit credible, positive evidence showing that the alleged water spot, on which she claims she slipped, existed for some period of time such that it would have been discovered if defendant exercised reasonable care.

Plaintiff submits the following facts are in dispute which preclude the granting of summary judgment:

(1) Whether there was water on the floor of the E–Z Serve, as plaintiff testified she felt water on her arm and saw water on the floor.

(2) Whether the area where plaintiff fell and or saw water was actually inspected by an E–Z Serve employee.

(3) Whether the water causing plaintiff to slip was soaked up by her clothing or subsequently cleaned up by an E–Z Serve employee.

(4) Whether the store security video shows an E–Z Serve employee adequately inspecting the area where plaintiff fell prior to her fall.

(5) Whether the inspection procedure employed by E–Z Serve is adequate and reasonable.

(6) Whether E–Z Serve took adequate precautionary measures to warn customers that the floor was or may be wet.

(7) Whether E–Z Serve mopped, cleaned or took other remedial actions to dry the area where plaintiff fell between the time of her fall and the time Mr. Quintero allegedly took photographs of the area.

(8) Whether the store security video contradicts the employees' statements that warning cones were present and visible at the time of plaintiff's fall.

(9) Whether the employees of E–Z Serve had constructive notice of the conditions existing at the time of plaintiff's fall.

(10) Whether all of the security videotape is uncut.

(11) Whether there was water on the floor for a period of time.

(12) Whether, given the rainy conditions and the area of the fall, it was likely that the water was present for a period of time on the floor.

Plaintiff also relies upon the decision of *Oalmann v. K–Mart Corporation,* 630 S.2d 911 (La.App. 4 Cir.1993), *writ den.,* 94–0244 (La.3/18/94), 634 So.2d 859. In *Oalmann,* the Louisiana Fourth Circuit said that customer's unrebutted testimony that rain was falling, she slipped in a puddle of water upon entering the store and there were no warning cones establishing a hazardous condition, created a presumption that a hazardous condition would not have existed if the store had exercised reasonable care.

## II. *LEGAL ANALYSIS*

### A. *Law on Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of

material fact." *Stults v. Conoco,* 76 F.3d 651, (5th Cir.1996), (citing *Skotak v. Tenneco Resins, Inc. .,* 953 F.2d 909, 912–13 (5th Cir.) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986))). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Industrial Co.,* 475 U.S. at 588, 106 S.Ct. at 1356 (1986). Finally, the court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### B. *Premises Liability*

Louisiana Revised Statute 9:2800.6 provides in pertinent part:

"B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant **shall** have the burden of proving, in addition to all other elements of his cause of action, that:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2) The merchant either created or had actual or constructive notice of the

condition which caused the damage, prior to the occurrence;

(3) The merchant failed to exercise reasonable care.

C. Definitions:

(1) 'Constructive notice' means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."

The Louisiana Supreme Court recently addressed the issue of constructive notice under La.R.S. 9:2800.6 in *White v. Wal–Mart Store, Inc.,* 97–0393 (La.9/9/97), 699 So.2d 1081, *rehearing denied,* (La.10/10/97). In *White,* the Louisiana Supreme Court overruled *Welch v. Winn–Dixie Louisiana, Inc.* 94–2331 (La.5/22/95), 655 So.2d 309, in which the Court concluded that a claimant had carried her burden of proving constructive notice by showing the absence of "written inspection procedures," lack of "written documentation of performance of inspections" and the lack of "company directives on a consistent inspection policy," and because the fact-finder could have disbelieved the defendant's positive evidence of the lack of the spill some minutes before the fall. *White,* 97–0393, p. 3. In *White,* the Louisiana Supreme Court found that the court of appeal erroneously shifted the burden to the defendant to prove that the spill had not been there at an earlier time.

■ Instead, the Louisiana Supreme Court enunciated that La.R.S. 9:2800.6 is clear and unambiguous in that a claimant must prove each of the enumerated requirement of Section "B." *Id.* at 3. Thus, the claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. *Id.* The statute does not provide for a shifting of the burden. *Id.*

■ "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *Id.* at 4. Further, the Louisiana Supreme Court

said, "The fatal flaw in *Welch* was that there was no showing of any time period of time as required by the statute." *Id.* Requiring the defendant to disprove the existence of a condition is shifting the burden which is impermissible under the statute. *Id.* Therefore, to prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. *Id.* at 6.

The plaintiff in *White* failed to see the liquid on the floor as did her grandchild. Moreover, there was no evidence the employee Robinson could see the spill or even that area of the floor from her station. *Id.* at 5. The Court said there was no positive evidence the spill was in existence or that it could be seen from Robinson's zone. *Id.*

Recently, Judge McNamara granted a summery judgment in favor of Delchamp's, Inc. (where a customer slipped and fell on a grape) finding the plaintiff failed to meet the required showing of the condition's existence for some period of time. *Audibert v. Delchamps, Inc.,* 1997 WL 602193 (E.D.La.). In that case, Judge McNamara said that under *White,* "the defendant is not required prove the negative, i.e., that the grape was not there for a period of time. Instead, the plaintiff must make a positive showing that the grape existed on defendant's floor for any period of time—however brief—prior to the fall." *Id.* at 1.

■ In the case at bar, Walthall deposed that she had blotted her feet when she walked into the E–2 Serve. *See* Deposition of Kay Walthall p. 54, ln. 10. When asked why she blotted her feet, she replied, "Even though I hadn't walked in water, it is still—I figured I might have wet shoes." *Id.* at ln. 12–13. Then, plaintiff was asked if she knew what caused her left foot to slip out from under her, to which she replied, "Well, if I knew what caused it, I wouldn't have walked on it." *See* Deposition of Kay Walthall, p. 63, ln. 24–25. Further, Walthall said she did not recall seeing water **prior to** her alleged fall. *See* Deposition of Kay Walthall, p. 64, ln. 22–23. However, **after** her fall, Walthall claims

to have seen water on the floor. *See* Deposition of Kay Walthall, p. 64, ln, 1–5; p. 65, ln. 211. Nonetheless, plaintiff could not affirmatively state whether she noticed water on the floor prior to her fall. *See* Deposition of Kay Walthall, p. 66, ln. 21–23.[1]

In *Oalmann*, the plaintiff testified that her hand was resting in a puddle of water after her fall. However, the Fourth Circuit stated that "The evidence does not clearly establish precisely how long the floor was wet prior to Mrs. Oalmann's fall." *See Oalmann*, 630 So.2d at 913. Instead, the Fourth Circuit relied upon the foreseeability that the floor near an entrance would become wet and thus slippery in a short period of time. *Id.*

This reasoning is inapposite to that recently enunciated by the Louisiana Supreme Court in *White*. The Supreme Court said that statute does not allow for the inference of constructive notice absent some showing of the temporal element—"such a period of time". *White*, 97–0393, p. 4. Here, plaintiff is unable to establish that any water, much less a puddle of water, existed **prior to** her alleged slip and fall, as is required by La.R.S. 9:2800.6(B)(2). Further, Stephanie Clement, an E–Z Serve employee, affied that "At the time Ms. Walthall entered the store, I looked at the area around the store's entrance and saw no water or foreign substance of any kind on the floor." *See* Plaintiff's Exhibit "A." Plaintiff also failed to offer any witnesses to her alleged slip and fall which might support her contention that there was water on the floor.

In the present case, this Court finds that plaintiff presented no evidence that the water was on the floor for any length of time prior to her fall. This complete lack of evidence falls short of carrying the requisite burden of proving the water was on the floor for a period of time that E–Z Sesame should have discovered its existence.

Accordingly,

**IT IS ORDERED** that the second motion of defendant, E–Z Serve Convenience Stores, Inc., for summary judgment, be, and the same is hereby **GRANTED**.

---

1. Plaintiff was asked to explain her arm being wet, to which she replied, "No, I can't. I can only assume: I can only assume that I slipped in something wet, or my arm had absorbed something wet." *See* Deposition of Kay Walthall, p. 66, ln. 21–23.