UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 97-31235
Summary Calendar

KAY E. WALTHALL,

Plaintiff-Appellant,

versus

E-Z SERVE CONVENIENCE STORES, INC., ET AL.,

Defendants,

E-Z SERVE CONVENIENCE STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 96-CV-3520)

June 3, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kay Walthall appeals the district court's grant of summary judgment in favor of E-Z Serve Convenience Stores in this slip-and-fall personal injury, diversity action. Walthall contends that the district court, in granting summary judgment, erroneously relied on *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997); and that the she submitted evidence creating material fact issues as to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

each element of her claim, thus precluding the entry of summary judgment.

Of course, we review a grant of summary judgment *de novo*, applying the same standard as the district court. *See, e.g.,* **Bodenheimer v. PPG Indus., Inc.**, 5 F.3d 955, 956 (5th Cir. 1993). Such judgment is proper where there is no material fact issue and the movant is entitled to judgment as a matter of law. **Id.**; see FED. R. CIV. P. 56(c). And, needless to say, because this is a diversity action, Louisiana law applies. *See* **Erie R.R. Co. v. Tompkins**, 304 U.S. 64 (1938).

Based upon our review of the record and briefs and notwithstanding the district court's not referencing the warning cone/actual notice issue, we **AFFIRM** the summary judgment for essentially the reasons stated by the district court. *See* **Walthall v. E-Z Serve Convenience Stores, Inc.**, 988 F. supp. 996 (E.D. La. 1997).

*AFFIRMED*