Stacey PAGE

v.

E–Z SERVE CORPORATION and Royal Insurance Company of America.

Civil Action No. 97–2439.

United States District Court,
E.D. Louisiana.

July 9, 1998.

Janet Lee Moulton, Metairie, LA, for Plaintiff.

William Charles Ellison, Regina Carol Scotto Wedig, Alvin Joseph Bordelon, Jr., Joell M. Keller, Bordelon, Hamlin & Theriot, New Orleans, LA, for Defendants.

## ORDER AND REASONS

PORTEOUS, District Judge.

Before the Court is defendants' Motion for Summary Judgment which plaintiff opposes. After reviewing the parties' memoranda, submissions, and the relevant law, the Court **DENIES** the Motion for Summary Judgment.

### BACKGROUND

Plaintiff Stacy Page states that she slipped and fell while purchasing cold drinks at the E–Z Serve store at Barataria and Ames Boulevard in Marrero at around 2:00 a.m. on August 13, 1996.

Page says when she walked in the store with her brother and sister they walked down one aisle to the coolers at the back and upon walking up a different aisle, she slipped and fell backwards. In her deposition, Page states that after her sister helped her up, her shirt was wet, and a female employee came over and asked if she was okay [Plaintiff's Exhibit No. 2, Page depo. p. 32].

Page's brother, Richard Oldham, said that after his sister slipped, they noticed that there was water leaking out of the barrels which hold drinks [Plaintiff's Exhibit No. 3, Oldham depo. p. 6]. Oldham and Page both say that the employee apologized and told them that she should have mopped up the area. [Defendant's Exhibit 3 and 2; Oldham Depo. p. 25 and Page Depo. p. 35.].

### LAW AND ARGUMENT

■ Plaintiff argues that the action lies under negligence pursuant Louisiana Code of Civil Procedure Art. 2315. Defendant says the applicable law is Louisiana's "slip and fall" law under LSA R.S. § 9:2800.6. The Court agrees with defendant and finds support for this conclusion from the plain language of § 9:2800.6(B) which states:

> "In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on the merchant's premises . . ."

LSA R.S. § 9:2800.6.(B).

■ Under this law, the plaintiff must show that he was injured as a result of a hazardous condition existing on the merchant's premises *and* also show that "the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and that the merchant failed to exercise reasonable care." LSA R.S. § 9:2800.6 (emphasis added).

■ The issue is whether E–Z Serve had constructive notice which is deemed present when "the condition existed for such a period of time that it would have been discovered had the merchant exercised reasonable care." LSA R.S. § 9:2800.6(C)(1).

The burden on the moving party is to show that there is a complete absence of evidence to support the non-moving party's case. *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). With this standard in

mind, three submissions by plaintiff suggest that she has presented competent evidence which raises a material question of fact on whether E–Z Serve had constructive notice of the spill.

■ E–Z Serve argues that under *White v. Wal–Mart Stores,* Inc. 699 So.2d 1081 (La. 1997), the claimant must "make a positive showing of the existence of the condition prior to the fall." *Id.* at 1084. In *White,* the Louisiana Supreme Court held that the plaintiff presented no evidence that the liquid was on the floor for any length of time. *Id.* The *White* Court stated: "Though the time period need not be specific *in minutes or hours,* constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Id.* at 1084–1085 (emphasis added). Defendant also cites an opinion, *Brumfield v. Wal–Mart Stores,* Inc. No. 97–1733 "T", U.S. Dist LEXIS 6033 (E.D.La.1998), wherein the undersigned emphasized the need for a temporal element.[1]

These two cases differ, however, from the one before the Court. *Brumfield* is not apposite because the issue was whether or not the store was responsible for a spill which plaintiff suggested was caused by an independent cleaning service. The facts of *White* are also not on point with Page's claim. In *White,* the plaintiff walked down the entire aisle without making any selections, then turned to shop the aisle again from the other direction, and after a few steps she slipped. The employee on duty could not remember when the last safety sweep was made of the area because as a desk clerk, that was not one of her duties.

More on point with this case is *Barton v. Wal–Mart Stores,* 704 So.2d 361 (La.App.3rd Cir.1997). In Barton, the plaintiff slipped inside a Wal–Mart store on a rainy day.

Affirming the trial judge, the Court noted that the store had actual notice that water would more likely than not accumulate at the main entrance on a rainy day. *Id.* at 363. In addition, the store had a written rainy day procedure which it found was not properly implemented. *Id.*

Page has submitted, along with her memorandum of law, E–Z Serve's "Store Safety Check List" and the Instructions which require hourly "visual inspections." The instructions require the employee to make sure there is no water, ice or trash on the floor. At 1:00, the employee Kichia Tomeka Johnson wrote that she swept up trash. When she went to help up Page, according to the affidavits of Page and her brother, she apologized for not having cleaned up. The report notes that at 2:00 she "mopped up ice."

According to the affidavit of Olivia Landry who worked the shift before Kichia Johnson—Johnson has subsequently been fired—the person on duty at the Marrero store was extremely busy. Landry suggested that there was only one employee per shift[2] whose duties included watching the gas pumps, cleaning and inspecting the store, selling lottery tickets, performing cashier duties, and draining the drink barrel by which Page slipped. If the drink barrel is not drained it would leak according to Landry. When an employee did drain it, he or she was supposed to display a "wet floor" sign. [Plaintiff's Opposition Memorandum, Landry Affidavit, p. 2]. Landry said that if while working her shift she did not have time to deal with the barrel during her shift and knew it was running over, she would put out a "wet floor" sign.

From Landry's affidavit regarding the leaky barrel, to the affidavits of Page and her brother regarding the employee's apology, to the entries on the safety check list, plaintiff

---

1. The undersigned has also ruled on another slip and fall case not cited by either party, *Walthall v. E–Z Service Convenience Stores,* Inc. 988 F.Supp. 996 (E.D.La.1997). The summary judgment was granted in favor of the defendant store because plaintiff failed to make any showing of constructive notice. The store employee's sworn testimony stated: "At the time Ms. Walthall entered the store, I looked at the area around the store's entrance and saw no water or foreign substance of any kind on the floor." Id. at 1000.

2. The Court does note from Page's affidavit that two people were in E–Z Serve uniforms the night of the accident. One who was on the telephone and one who by a door near the coolers. The one by the door was the one who apologized. [Page Deposition, pp. 33–35]. It is not clear whether only one or both were on duty.

has shown that there is a material issue of fact on whether a condition existed which presented an unreasonable risk of harm and the risk was foreseeable. As in *Barton,* E–Z Serve had notice that water would more likely than not accumulate at the barrel because of the instruction for employees to drain it or otherwise it would overflow. The Barton Court also noted: "Protective measures established by a merchant, even if, in theory, reasonable to combat a possible hazard inside the merchant's place of business, are of no effect if not properly implemented." Id. at 367.

For the foregoing reasons, the Court **DENIES** defendants' Motion for Summary Judgment against Stacy Page.