STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
09-374 consolidated with 09-375 & 09-376

LOUIS ROBINSON, JR.

VERSUS

TYLAN MEAUX, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20065173 C/W 20065746 C/W 20073298
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

REVERSED AND REMANDED.

L. Katherine A. Theunissen
Mahtook & Lafleur
P. O. Box 3089
Lafayette, LA 70502
Counsel for Defendant/Appellant:
    Lafayette Consolidated Government

Don J. Hernandez
Christopher Siegrist
P. O. Box 24
Franklin, LA 70538
Counsel for Plaintiff/Appellant:
    Louis Robinson, Jr.

**Edward B. Jones**
**Edward B. Jones  & Associates**
**P. O. Drawer 1807**
**Patterson, LA 70392**
**Counsel for Plaintiff/Appellant:**
     **Louis Robinson, Jr.**

**James Alan Harrell**
**Heather S. Duplantis**
**Karen Blakemore**
**Phelps Dunbar**
**P. O. Box 4412**
**Baton Rouge, LA 70821-4412**
**Counsel for Intervenor/Appellant:**
     **Lafayette Specialty Hospital, LLC**

**Thomas R. Hightower  Jr.**
**Patrick Wade Kee**
**Michael S. Harper**
**Attorneys at Law**
**P. O. Drawer 51288**
**Lafayette, LA 70505**
**Counsel for Defendant/Appellee:**
     **Lil D's Bar-B-Que, LLC**

**PICKETT, JUDGE.**

One of the defendants in the suit before us, Lil D's Bar-B-Que, L.L.C., filed a motion for summary judgment, arguing that under the law and the facts in the case, it was not liable for the accident which caused the plaintiff's injuries. The plaintiff, Louis Robinson, and defendants, Tylan Meaux, Rodney Guilbeau, Allstate Insurance Co.(Guilbeau's insurer), Lafayette Consolidated Government, and Champions' Express Mart, Inc., Federated Mutual Insurance Company(Champions' insurer), and intervenors, Louisiana Department of Health & Hospitals and Lafayette Specialty Hospital, opposed the motion. The trial court found in favor of Lil D's, granted the motion for summary judgment and dismissed Lil D's from the suit. Several of the opposing parties appeal. We reverse the judgment of the trial court and remand the case for further proceedings.

## FACTS

On August 1, 2006, at approximately 11:45 p.m., a pick-up truck/bicycle accident occurred in the 1300 block of U.S. Highway 90/Southeast Evangeline Thruway in the City and Parish of Lafayette. After making a left-hand turn onto Evangeline from Pinhook Road, the 1997 Ford Ranger being driven by Tylan Meaux, and owned by Rodney Guilbeau, went out of control, flipped several times and struck Louis Robinson, Jr., who was riding his bicycle on the sidewalk. As a result of the accident, Louis Robinson Jr. was severely injured and is now a quadriplegic. Meaux's passenger in the truck, Julian Mayard, was ejected from the vehicle and suffered multiple injuries. It is alleged that one factor contributing to the accident was the presence of a greasy sludge on the roadway.

1

The plaintiffs, Robinson and Mayard, sued, among others, Lil D's Barbeque which operates a business in a facility owned or leased by Champion's Express Mart, Inc., at 1139 U.S./Southeast Evangeline Thruway. The plaintiffs claim that one or both businesses created a dangerous condition at the site of the accident by negligently discharging a hazardous substance (grease) into the sewer/drainage system of the City and Parish of Lafayette. They claim that the grease created a dangerous condition on the roadway. Plaintiffs also sued the Lafayette Consolidated Government (LCG) claiming it had prior notice of conditions at the site of the accident and had been tolerant of the continuing discharge of grease into the sewer/drainage system.

In response to claims that Lil D's was responsible for the accident because a defective grease trap caused the presence of a greasy sludge on the roadway, Lil D's filed a motion for summary judgment. Lil D's argued that under the plaintiffs' theories of liability—La.Civ.Code arts. 2315, 2317 and 2317.1, it was entitled to summary judgment. Lil D's argued that the record failed to show that it "knew or, in the exercise of reasonable care, should have known" of any problem with the grease trap which caused the accident, and that the accident could have been prevented by the exercise of reasonable care, and that Lil D's failed to exercise such reasonable care. The trial court granted Lil D's motion for summary judgment, dismissing it from the suit and the plaintiffs, the remaining defendants and the intervenors appeal.

## LAW AND DISCUSSION

The articles governing summary judgment can be found in La.Code Civ.P. art. 966 and art. 967. In *Bridges v. City of Carenco*, 07-1593 (La.App. 3 Cir. 4/30/08), 982 So.2d 306 (citations omitted)(emphasis in original), this court recounted the law

2

applicable to the review of the trial court's grant of a motion for summary judgment as follows:

> The law applicable to summary judgments and to the appellate review thereof is well settled:
>
> > The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. *The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.* The burden of proof remains with the mover. However, *if the party moving for summary judgment will not bear the burden of proof at trial* on the matter that is before the court on the motion for summary judgment, *then that party need not negate all essential elements of the adverse party's claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim*, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him.
> >
> > Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate.

In the case sub judice, the plaintiff's theories of liability are based upon La.Civ.Code arts. 2315(A), 2317 and 2317.1.

Louisiana Civil Code Article 2315(A) states: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

3

Louisiana Civil Code Article 2317.1 states: " We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."

Louisiana Civil Code Article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

We find La.Civ.Code art. 2322 also applicable to this case. Louisiana Civil Code Article 2322 states:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

*Riggs v. Opelousas Gen. Hosp. Trust Auth.*, 08-591, pp. 3-4 (La.App. 3 Cir. 11/5/08), 997 So.2d 814, 817 tells us that:

> The addition of the language to article 2317.1 that an owner is liable for damage "only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect" has effectively turned it from a claim based upon strict liability to a claim grounded in negligence. *See Monson v. Travelers Prop. & Cas. Ins. Co.*, 06-921 (La.App.5 Cir. 4/24/07), 955 So.2d 758; *Leonard v. Parish of Jefferson*, 05-32 (La.App. 5 Cir. 4/26/05), 902 So.2d 502; and *Bourquard V. Winn Dixie La. Inc.*, 04-1150 (La.App. 5 Cir. 3/1/05), 900 So.2d 131.

4

Accordingly, to prevail in [his] claim, the plaintiff [must] prove the following: (1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof any one of these elements, his . . . claim fails.

Our de novo review of the record convinces us that the trial court was in error in granting summary judgment in favor of Lil D's. The law is perfectly clear, a motion for summary judgment should ONLY be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to material fact*, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966 (emphasis ours).

We find there are numerous issues of material fact in dispute in this suit which preclude Lil D's dismissal via summary judgment. Some examples of disputed issues are the following:

Did Lil D's have garde over the grease trap? The lease between Lil D's and Champion's is silent as to who had the responsibility to maintain the grease trap. While the LCG ordinance which was in effect at the time Champion's built the grease trap placed responsibility for its maintenance on the "owner," it is undisputed that Lil D's scheduled the maintenance.

Was the grease trap defective? There is no evidence in the record that between the October 2005 stoppage and the accident at issue the grease trap had been the subject of a *comprehensive* examination. Several people (John Johnson, a LCG inspector, Jody Broussard, the person who pumped out the trap, etc.) had looked into

5

the trap, but because of the small opening, the lack of light, etc., it was impossible determine if the trap was defective. The person who serviced the trap did state that the trap *appeared* to be working and *appeared* to be keeping up with the grease.

Did Lil D's know or have reason to believe the trap was defective? The record indicates that there was a stoppage in the sewer line in October 2005. LCG's inspection of the sewer line confirmed that the stoppage was cause by grease in the line. At that time Mr. Johnson indicated to Lil D's the possibility that the grease trap was not operating properly and suggested that the trap be timely inspected and that Lil D's have the grease trap cleaned out more often. Thus, it appears that there is a genuine issue concerning Lil D's knowledge of a possible defect in the grease trap.

Could the accident have been prevented by the exercise of reasonable care? Although Lil D's had the trap pumped out within a week's time, the record does not reflect that it began a more frequent pumping schedule. If, in fact, one cause of the accident was grease escaping from a defective grease trap, then it would appear that more frequent pumping may have been one way to forestall a build up of grease in the sewer line.

Finally, there is the question of whether Lil D's failed to exercise reasonable care. If grease from Lil D's proves to be a cause in fact of the accident, then this question is paramount.

In sum, we find that the pleadings, depositions, answers to interrogatories, and admissions and the affidavits fail to establish a lack of genuine issues of material facts which would entitle Lil D's to a summary judgment.

6

Accordingly, for the reasons stated, the judgment of the trial court is reversed, the motion for summary judgment is denied, and the case is remanded for further proceedings. All costs of this appeal are assessed against the appellee, Lil D's.

**REVERSED AND REMANDED.**