Judge Terri F. Love
This appeal arose from a remand from the Louisiana Supreme Court. Plaintiff alleged that he sustained serious bodily injuries *740 as a result of a slip and fall on grease while delivering seafood at defendants' restaurant premises. After almost twelve years of litigation, the defendants filed a motion for summary judgment contending that the plaintiff had no evidence to support his claims other than his self-serving testimony. The trial court granted the motion for summary judgment and dismissed his claims. Plaintiff filed a motion for new trial, averring that newly discovered evidence was not previously available. The trial court denied the motion for new trial.
On appeal, we found that plaintiff only sought review of the denial of the motion for new trial, converted the appeal to a writ, and denied writs. The Louisiana Supreme Court found that we erred by not reviewing the motion for summary judgment and remanded the matter for consideration of the summary judgment on the merits.
Plaintiff contends that the trial court erred by granting the defendants' motion for summary judgment because his testimony was sufficient to create genuine issues of material fact for trial.
We find that plaintiff failed to demonstrate factual support to create genuine issues of material fact once the defendants met their burden on a summary judgment. Therefore, the trial court did not err by granting the motion for summary judgment. We also find that the trial court did not abuse its discretion by denying plaintiff's motion for new trial, as the evidence was not "newly discovered." The judgment of the trial court is affirmed.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Carl Edgefield was employed by New Orleans Gulf Seafood ("NOGS") as a delivery man in December 2004, when he allegedly slipped and fell on grease while delivering seafood to the Audubon Golf Clubhouse ("Clubhouse"). As a result, Mr. Edgefield alleged that he sustained serious injuries to his back. Mr. Edgefield filed a Petition for Damages on December 22, 2005, against Audubon Nature Institute, Inc.; Audubon Commission; and Scottsdale Insurance Company (collectively hereinafter "Defendants").
In 2009, the Louisiana Restaurant Association Self Insurer's Fund and NOGS filed a Petition of Intervention seeking subrogation for $ 80,293.52 paid to Mr. Edgefield in workers' compensation benefits. In 2015, Mr. Edgefield hired new representation and his previous counsel also filed a Petition of Intervention. Subsequently, in 2016, Mr. Edgefield's new representation withdrew and filed a Motion for Summary Judgment for expenses.
In 2017, Defendants filed a Motion for Summary Judgment contending that no genuine issues of material fact existed because Mr. Edgefield lacked factual support for his claim. The trial court conducted a hearing and granted Defendants' Motion for Summary Judgment, dismissing Mr. Edgefield's Petition with prejudice. Both Petitions for Intervention were also dismissed with prejudice. Eight days after the trial court's ruling on the Motion for Summary Judgment, Mr. Edgefield filed a Motion for New Trial alleging that he possessed newly discovered evidence; namely, he found 1) one of the Audubon employees that allegedly helped him stand up after the fall, 2) the plans for the Clubhouse, and 3) an expert report. The trial court denied the Motion for New Trial. Mr. Edgefield's Petition for Devolutive Appeal followed.
In Mr. Edgefield's first appeal, Edgefield v. Audubon Nature Inst., Inc. , 17-1050 (La. App. 4 Cir. 9/12/18), --- So. 3d ----, 2018 WL 4403983, we found that Mr. Edgefield only appealed the Motion for *741 New Trial. As the denial of a Motion for New Trial is a non-appealable, interlocutory judgment, we exercised our discretion and converted the appeal to an application for supervisory review. Id. , 17-1050, p. 3, --- So. 3d at ----, 2018 WL 4403983, *1. Ultimately, we determined that the trial court did not abuse its discretion by denying Mr. Edgefield's Motion for New Trial. Id. , 17-1050, p. 7, --- So. 3d at ----, 2018 WL 4403983, *3. Mr. Edgefield sought review with the Louisiana Supreme Court. The Supreme Court granted writs, vacated our previous opinion, and remanded the matter for consideration of the appeal on the merits, finding that Mr. Edgefield intended to appeal the trial court's granting of Defendants' Motion for Summary Judgment. Edgefield v. Audubon Nature Inst., Inc. , 18-1782 (La. 1/18/19), 261 So.3d 776.
On remand, Mr. Edgefield asserts that the trial court erred by granting Defendants' Motion for Summary Judgment because 1) the trial court "ignored" Mr. Edgefield's testimony that the grease created an unreasonable risk of harm, 2) the trial court "ignored" Mr. Edgefield's testimony about his fall, 3) the trial court "ignored" Lucinda Greenwood's testimony about how the Clubhouse employees worked to keep the area around the grease trap clean, and 4) the trial court failed to consider the affidavit of a Clubhouse employee on the Motion for New Trial.
SUMMARY JUDGMENT
A motion for summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." Id. "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La. C.C.P. art. 966(A)(4).
Ordinarily, "[t]he burden of proof rests with the mover." La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." Id. Instead, he must "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." Id. The burden then shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." Id.
"In determining whether summary judgment is appropriate, appellate courts review the evidence de novo ." Hebert v. St. Paul Fire & Marine Ins. Co. , 99-0333, p. 3 (La. App. 4 Cir. 2/23/00), 757 So.2d 814, 815. The de novo process requires this Court to utilize "the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." Champagne v. Ward , 03-3211, p. 4 (La. 1/19/05), 893 So.2d 773, 776.
The Louisiana Supreme Court stated "that a 'genuine issue' is a 'triable issue,' an issue in which reasonable persons could disagree." Id. , 03-3211, p. 5, 893 So.2d at 777, quoting *742 Jones v. Estate of Santiago , 03-1424, p. 6 (La. 4/14/04), 870 So.2d 1002, 1006. "In determining whether an issue is 'genuine,' courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." Smith v. Our Lady of the Lake Hosp., Inc. , 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751, quoting Simon v. Fasig-Tipton Co. of New York , 524 So.2d 788, 791 (La. App. 3rd Cir. 1988). Summary judgment is rarely "appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, this court acknowledged ... that 'summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent.' " Jones , 03-1424, p. 6, 870 So.2d at 1006, quoting Smith , 93-2512, p. 28, 639 So.2d at 751.
Likewise, the Louisiana Supreme Court summarized what constitutes a material fact as follows:
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount , 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." South Louisiana Bank v. Williams , 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied , 596 So.2d 211 (La.1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Sassone v. Elder , 626 So.2d 345, 352 (La.1993) ; Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co. , 427 So.2d 1152, 1153-54 (La. 1983) (collecting cases); McCoy v. Physicians & Surgeons Hospital, Inc. , 452 So.2d 308, 310 (La.App. 2d Cir.), writ denied , 457 So.2d 1194 (La.1984) (noting that "[s]ummary judgment may not be used as a substitute for trial").
Smith , 93-2512, p. 27, 639 So.2d at 751.
Mr. Edgefield asserts that his testimony sufficiently defeated Defendants' Motion for Summary Judgment. We disagree.
Louisiana Merchant Liability Law provides that Audubon owed a duty "to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). See also Davis v. Cheema, Inc. , 14-1316, p. 7 (La. App. 4 Cir. 5/22/15), 171 So.3d 984, 988. "This duty 'includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.' " Davis , 14-1316, pp. 7-8, 171 So.3d at 988, quoting La. R.S. 9:2800.6(A). To prevail against a merchant like Audubon, Mr. Edgefield has the burden of proving that: 1) "[t]he condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable"; 2) "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence"; and 3) "[t]he merchant failed to exercise reasonable care." La. R.S. 9:2800.6.
Defendants' Motion for Summary Judgment contended that Mr. Edgefield lacked "evidence demonstrating the existence of an unreasonably dangerous condition." In support of the motion, Defendants attached excerpts from Mr. Edgefield's deposition, which revealed that he was delivering shrimp to the Clubhouse before noon and slipped on the steps on his second trip into the Clubhouse. While he was unaware if anyone witnessed his fall, he contended that two Audubon employees *743 helped him to his feet. These men also assisted Mr. Edgefield by placing the shrimp back in the box after the shrimp spilled onto the ground. Mr. Edgefield testified that he did not notice anything on the step that day and that it was not raining. However, Mr. Edgefield averred that there was oil on the cement. He was not sure what type of oil it was, but guessed that it was oil from the grease trap. In responses to interrogatories, Mr. Edgefield stated: "As I was sitting there I saw the grease trap drain and the oil or grease on the concrete. It is on the walk right before you get to the steps. I must have stepped in it and that's why I believe my foot slipped." He also alleged to have telephoned his employer from Audubon's kitchen to report the fall.
Lucinda Greenwood, the Clubhouse kitchen supervisor, testified in her deposition that the fryers in the Clubhouse kitchen were constructed with faucets on the sides for draining the grease. She stated that employees would fill containers with old grease using the faucets and carry it outside to the grease barrels by the gates. Ms. Greenwood also listed the names of some of the former kitchen employees. In regards to Audubon employees cleaning around the grease trap after the vacuum trucks emptied the trap, Ms. Greenwood stated that "[t]hey never really had to go out there and clean it up because they never - - they didn't spill no grease when the hose - - the hose sucked it all up, so, no, they didn't have to go out there with that." However, Ms. Greenwood stated that employees would use a degreaser and hot water to clean off the back porch in the morning and evening.
Ms. Greenwood testified that she remembered Mr. Edgefield and that she asked him why he was not using a dolly to bring in the seafood. She stated that he never informed her that he fell because if he had, she would have called "First Response" and the manager on duty. Additionally, and contrary to Mr. Edgefield's deposition, Ms. Greenwood stated that the boxes of shrimp he delivered were not broken open. Ms. Greenwood never witnessed grease on the cement or the back porch.
Jan Greco, the Clubhouse general manager, testified in her deposition that she was unaware that Mr. Edgefield fell. Ms. Greco described the process of emptying the old grease from the fryers similar to Ms. Greenwood except Ms. Greco stated that the fryers were not equipped with faucets.
Once Defendants' evidence pointed "out to the court the absence of factual support" as to all three elements essential to Mr. Edgefield's claims, the burden then shifted to Mr. Edgefield "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that" Defendants were "not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1).
In support of his opposition to Defendants' Motion for Summary Judgment, Mr. Edgefield attached a four-page excerpt from his deposition, his affidavit, an affidavit of his former workers' compensation attorney, and a four-page excerpt from Ms. Greenwood's deposition. Mr. Edgefield's deposition excerpt contained the following colloquy:
Q. And you say that you slipped when you were on the steps? Is that what you said? I'm sorry.
A. Yeah. It was - - I walk on the step where the grease was, so the grease - - I saw the grease after I fell.
Q. Okay
So there was some grease on the step itself?
A. The concrete and the step.
*744 Q. Okay.
And you slipped in the grease?
A. I guess that's what happened. I fell.
Mr. Edgefield's affidavit provided that he and his two attorneys (tort and workers' compensation) "inspected" the site of the alleged fall. Mr. Edgefield attested that he viewed a stained sidewalk below two faucets, one of which was used to drain grease from the kitchen. Contrary to his deposition testimony, Mr. Edgefield stated that the grease that caused his fall was from the faucets. Mr. Edgefield's workers' compensation attorney attested that he inspected the location of the fall. He observed "an area [sic] discoloration on the sidewalk beneath the discharge drain pipe."
When challenged with Defendants' Motion for Summary Judgment, Mr. Edgefield produced little more than his own self-serving testimony. "Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact." Sears v. Home Depot, USA, Inc. , 06-0201, p. 12 (La. App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228. "Such allegations, inferences and speculation are insufficient to satisfy the opponent's burden of proof, even if contained in a deposition." Id. " 'Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact.' " Smith , 93-2512, p. 27, 639 So.2d at 751, quoting Brown v. B & G Crane Serv., Inc. , 172 So.2d 708, 710 (La. App. 4th Cir. 1965).
As to the cause of his alleged fall, Mr. Edgefield speculated that grease caused him to slip. Mr. Edgefield did not recall seeing anything on the steps prior to his alleged fall.
Much like the plaintiff in Walthall v. E-Z Serve Convenience Stores, Inc. , 988 F.Supp. 996, 1000 (E.D. La. 1997), aff'd, 146 F.3d 868 (5th Cir. 1998), Mr. Edgefield was "unable to establish" that grease accumulated on the steps prior to his fall or that it was there for a period of time, "as is required by La. R.S. 9:2800.6(B)(2)." In Walthall , the Federal Judge found that "[t]his complete lack of evidence falls short of carrying the requisite burden of proving the water was on the floor for a period of time that E-Z Sesame should have discovered its existence." Id. The Defendants were not required to show "the absence of the existence of the condition prior to the fall." White v. Wal-Mart Stores, Inc. , 97-0393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084. "Such would require the defendant to prove a negative and is not within the clear and unambiguous language of the statute." Id. , 97-0393, p. 7, 699 So.2d at 1086.
Speculation by Mr. Edgefield "falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial." Babin v. Winn-Dixie Louisiana, Inc. , 00-0078, p. 5 (La. 6/30/00), 764 So.2d 37, 40. See also Reed v. Home Depot USA, Inc. , 37,000, p. 5 (La. App. 2 Cir. 4/9/03), 843 So.2d 588, 591, writ denied , 03-1638 (La. 10/10/03), 855 So.2d 345. Further, Mr. Edgefield's evidence fails to present circumstantial evidence to substantiate that it was more probable than not that the grease spill existed for a period of time prior to his fall. See Davenport v. Albertson's, Inc. , 00-00685, p. 4 (La. App. 3 Cir. 12/6/00), 774 So.2d 340, 343, writ denied , 788 So.2d 427 (La. 2001).
The matter sub judice presents a unique set of facts and circumstances. Mr. Edgefield has been litigating the injuries he sustained during the alleged fall for over thirteen years. Mr. Edgefield failed to present any factual support to create genuine issues of material fact regarding his contention that the grease created an unreasonable *745 risk of harm that was reasonably foreseeable to Defendants. There were no expert affidavits or depositions attached in opposition to Defendants' Motion for Summary Judgment. Mr. Edgefield did not present discovery responses evidencing previous falls at the Clubhouse or affidavits from people who had seen grease spots on the porch, steps, or concrete at the back of the Clubhouse. For all of these reasons and following the Louisiana Supreme Court dictates of White and Babin , we find that the trial court did not err by granting Defendants' Motion for Summary Judgment. Mr. Edgefield failed to produce factual support sufficient to establish genuine issues of material fact existed once Defendant's met their burden on summary judgment. Accordingly, the judgment of the trial court is affirmed.
MOTION FOR NEW TRIAL
Mr. Edgefield also contends that the trial court erroneously denied his motion for new trial. As we previously discussed in our original opinion, Edgefield v. Audubon Nature Inst., Inc. , 17-1050 (La. App. 4 Cir. 9/12/18), --- So. 3d ----, 2018 WL 4403983, and although vacated by the Louisiana Supreme Court, we still find that the evidence presented was not newly discovered. Therefore, the trial court did not abuse its discretion by denying Mr. Edgefield's Motion for New Trial.
DECREE
For the above-mentioned reasons, we find that Mr. Edgefield failed to present factual support sufficient to create genuine issues of material fact regarding his claims. As such, the trial court correctly granted Defendants' Motion for Summary Judgment and dismissed his claims. Also, we find that the trial court did not abuse its discretion by denying Mr. Edgefield's Motion for New Trial because the evidence did not qualify as newly discovered. The judgment of the trial court is affirmed.
AFFIRMED
LOBRANO, J., DISSENTS AND ASSIGNS REASONS
JENKINS, J., CONCURS IN THE RESULT
LOBRANO, J. DISSENTS AND ASSIGNS REASONS.
I respectfully dissent. For the reasons previously discussed in my prior dissent, Edgefield v. Audubon Nature Inst., Inc. , 17-1050 (La. App. 4 Cir. 9/12/18), --- So. 3d ----, 2018 WL 4403983 (Lobrano, J., dissenting), I find that Plaintiff put forth sufficient evidence to establish the existence of genuine issues of material fact and that Defendants failed to point out to the court the absence of factual support for Plaintiff's claim. I would reverse the granting of Defendants' Motion for Summary Judgment.
In Plaintiff's Original Brief On Rehearing, Plaintiff asserts that the district court erred by granting Defendants' Motion for Summary Judgment for the following reasons: 1) the district court ignored Plaintiff's testimony that the grease created an unreasonable risk of harm; 2) the district court ignored Plaintiff's testimony about his fall; 3) the district court ignored Lucinda Greenwood's testimony about how the Defendants' employees worked to keep the area around the grease trap clean; and 4) the district court failed to consider the affidavit of Defendants' employee on the Motion for New Trial.
Plaintiff asserts that his testimony sufficiently defeated Defendants' Motion for Summary Judgment. A motion for summary judgment is properly granted if the pleadings, memorandum, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted *746 for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966 (A)(3) ; Daniel v. Clarion Inn & Suites , 2016-0760, p. 3 (La. App. 4 Cir. 2/22/17), 214 So.3d 38, 40. A review of the record reveals that Plaintiff demonstrated factual support to create genuine issues of material fact. If there is any doubt as to a dispute regarding a genuine issue of material fact it must be resolved against granting the motion for summary judgment and in favor of a trial on the merits. Oubre v. Louisiana Citizens Fair Plan , 2011-0097, pp. 20-21 (La. 12/16/11), 79 So.3d 987, 1002 ; Orleans Par. Sch. Bd. v. Lexington Ins. Co. , 2011-1720, p.9 (La. App. 4 Cir. 8/22/12), 99 So.3d 723, 729.
Plaintiff, in his deposition and answers to interrogatories, testified that in his capacity as a deliveryman, he was delivering seafood to Defendants' restaurant, where he slipped on a greasy substance and fell. He further states that he told someone at Defendants' establishment that he had fallen, and the two men who witnessed the fall (one who was later discovered to be Johnny Polk) asked Plaintiff if he was "okay," and Plaintiff replied "no." Plaintiff asserts that he slipped on grease as a result of Defendants' grease removal process and grease trap, which Defendants had negligently maintained and placed on the pathway to the kitchen.
As set forth fully in my previous dissent, the deposition testimonies of Ms. Greenwood (kitchen supervisor) and Ms. Greco (manager) reveal that Defendants' employees were responsible for maintaining the grease trap and the pathway. Both establish that Defendants were responsible for the removal of grease and the degreasing and maintenance of the grease trap and pathway. Accordingly, evidence that Defendants placed the grease trap on the pathway, removed grease by way of the pathway, and maintained the grease trap and pathway on which the alleged hazard occurred is enough to qualify as presenting an unreasonable risk of harm and/or having created a condition under La. R.S. 9:2800.6.[1] Therefore, I would reverse the granting of Defendants' Motion for Summary Judgment and remand the case to the district court.
Additional support for the reversal of the summary judgment is that Plaintiff's attorney was not afforded a fair opportunity to present his client's claim and complete discovery considering the unique circumstances of this case. Louisiana jurisprudence holds that parties must be given a fair opportunity to carry out discovery, but there is no requirement that summary judgment be delayed until discovery is complete. Rivarde v. City Of New Orleans , 2015-0655, p.7 (La. App. 4 Cir. 3/9/16), 190 So.3d 400, 404 ; Davis v. Riverside Court Condo. Ass'n Phase II, Inc. , 14-0023, p. 19 (La.App. 4 Cir. 11/12/14), 154 So.3d 643, 654 (citing Thomas v. North 40 Land Development, Inc. , 2004-0610, p. 31 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, 1179 ). The Louisiana Supreme Court has further explained that, "[t]he only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact." Id. , 2015-0655, p. 7, 190 So.3d at 404-05 (quoting Simoneaux v. E.I. du Pont de Nemours and Co. , 483 So.2d 908, 913 (La.1986) ).
*747 When discovery is alleged to be incomplete, it is within the district court's discretion either to hear the summary judgment motion or to grant a continuance to allow for further discovery. Roadrunner Transportation Sys. v. Brown , 2017-0040, p.11 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1272-73. The standard of review for a district court's choice to hear a motion for summary judgment or to grant a continuance, in this procedural context, is an abuse of discretion standard. Id. ; Rivarde v. City of New Orleans , 15-0655, p. 5 (La.App. 4 Cir. 3/9/16), 190 So.3d 400, 403.
"When addressing an adequate discovery claim, this [C]ourt has considered whether discovery has been hindered by a circumstance beyond an opponent's control." Id. , 2017-0040, p.13, 219 So.3d at 1274; See Bourgeois v. Curry , 2005-0211, p. 10 (La.App. 4 Cir. 12/14/05), 921 So.2d 1001, 1008.[2]
In the case sub judice , at the hearing on the Motion for Summary Judgment, Plaintiff's attorney asked the district court to allow him more time to oppose the Motion for Summary Judgment.[3] Additionally, Plaintiff's attorney noted that he "got back [in the case] about three weeks ago," and that he has been "out of the case for about three years." Plaintiff's case was hindered by Plaintiff's attorneys' withdrawal from the case.[4] Plaintiff's current attorney's ability to conduct discovery was also hindered. Three weeks is not an adequate amount of time for a new attorney to properly prepare for a hearing on a Motion for Summary Judgment.[5]
The district court abused its discretion in not granting Plaintiff's attorney additional time to oppose the summary judgment taking into consideration the hindering circumstances in this case, especially the fact that Plaintiff's attorney enrolled as counsel fifteen days before the August 18th Hearing. For the forgoing reasons, I find that the district court erred by granting the motion for summary judgment without an opportunity for adequate discovery by Plaintiff's current attorney.
*748 Additionally, as set forth fully in my previous dissent, I find that the district court abused its discretion by summarily denying Plaintiff's Motion for New Trial. La.C.C.P. art. 1973 provides that a new trial may be granted in any case if there is good ground and necessitates an examination of the facts and circumstances in this case. When the district judge is convinced by his examination of the facts that the denial of a new summary judgment hearing would result in a miscarriage of justice, a new hearing should be ordered. Warren v. Shelter Mut. Ins. Co. , 2016-1647, pp.14-15 (La. 10/18/17), 233 So.3d 568, 579 ; Hardy v. Kidder , 292 So.2d 575, 579 (La.1973).
Recognizing that although our jurisprudence holds that district courts have discretion regarding the determination whether to grant a new summary judgment hearing, in the case sub judice , the district court should hold a proper contradictory hearing when an appellate record is necessary for a sufficient review. A proper application of La. C.C.P. art. 1973 necessitates a careful examination of the facts and circumstances to prevent the miscarriage of justice.[6]
A district court's summary denial of a motion for new trial alleging newly discovered evidence after a granting of a motion for summary judgment that dismisses a case in its entirety is quite different from a district court's summary denial of a motion of a new trial alleging newly discovered evidence after a recent trial on the merits. The former deprives litigants of their day in court and denies them a trial on the merits.[7]
In Plaintiff's Motion for New Trial and Memorandum in Support of a Motion for New Trial, Plaintiff documented the hindering circumstances that prevented him from locating Mr. Johnny Polk, an Audubon employee who witnessed the accident and corroborates Plaintiff's allegations, such as: (1) Plaintiff attorney was not involved in the case for two years and seven months, during which time little discovery and few depositions were taken; (2) when Plaintiff attorney returned to the case, he hired a private investigator to find the workers that were named in Ms. Greenwood's deposition, but the investigator was only able to determine that Mr. Polk might be in the New Orleans area; (3) all of Defendants' kitchen and wait staff Plaintiff sought to find were no longer living at the addresses supplied by Defendants, as they were displaced by Hurricane Katrina; and (4) Plaintiff was at the added disadvantage of just getting his file back from his previous law firm representation who had withdrawn almost at the same time that the Motion for Summary Judgement was filed, and without adequate time to gather and present his evidence. Plaintiff should have been allowed to present this evidence at a contradictory hearing in order to properly make an appellate record for a sufficient review.
JENKINS, J., CONCURS IN THE RESULT

See Robinson v. Meaux , 2009-374 (La. App. 3 Cir. 11/4/09), 23 So.3d 1025, 1028 (where court found that there were numerous issues of material fact in dispute in a slip and fall suit, involving a grease trap at the alleged accident location, which precluded the defendant's dismissal via summary judgment).

See Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Grp.) , 2003-1600, pp. 3-4 (La. App. 4 Cir. 3/3/04), 868 So.2d 967, 969 (citing Doe v. ABC Corp. , 2000-1905, pp. 10-11 (La. App. 4 Cir. 6/27/01), 790 So.2d 136, 143 )("Although the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case"). Discovery issues in summary judgment cases are usually dealt with through a request for a continuance of the summary judgment hearing. However, any pleading showing a need for additional discovery, such as a motion for new trial, is allowed.

Specifically, he requested, "So if the Court is tending to granting this motion, Judge, I would ask that you allow us to get an affidavit to put the plans in evidence so you can see all of the facts before you throw [Plaintiff's] case out." Further, at the end of the summary judgment hearing Plaintiff's attorney asked, " Judge can I point out one final thing?" to which the district court replied, " No, I am not going to hear your surrebuttal."

See Lamb v. Lamb , 430 So.2d 51, 54 (La. 1983) (where the Court held that given the peculiar circumstances of the case, a miscarriage of justice would result by depriving defendant of the opportunity to defend the case on the merits, finding that defendant was victimized by the neglect of her attorney and the district judge's erroneous belief that she had neglected her legal affairs).

The granting of the Motion for Summary Judgment and denial of the Motion for New Trial is unsettling in that the current attorney, only recently enrolled as counsel, was denied an opportunity to effectively represent his client. While it is important to resolve cases efficiently, we should be mindful of "the time constraints and pressures imposed on lawyers by the exigencies of litigation practice." General Administrative Rules, Section 11.

See Smith v. All. Compressors , 2005-855, pp.9-10 (La. App. 3 Cir. 2/1/06), 922 So.2d 674, 680-81 (where the court reasoned that a proper application of La. C. C. P. art. 1973 necessitates a careful examination of the facts and circumstances of each case to prevent the miscarriage of justice when a party is prejudiced by an attorney's error.).

Similarly, the summary denial of a motion for new trial pertaining to a recent denial of a motion for summary judgment does not deprive a litigant a trial on the merits as does the summary denial of a motion for new trial pertaining to a recent grant of a motion for summary judgment that dismisses a litigant's case in its entirety.