EDWIN A. LOMBARD, Judge.
hThe plaintiff, Nicole Johnson, appeals the summary judgment granted in favor of the defendant/appellee, USAgencies Casualty Insurance Company, Inc. After de novo review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the district court.

Relevant Facts and Procedural History

After an automobile accident on September 15, 2010, Nicole Johnson filed this lawsuit on September 15, 2011, naming as defendants Lewis Burnett, Leroy Williams, Progressive Security Insurance Company (as insurer of Leroy Williams), USAgencies Direct Insurance Company (as insurer of Mr. Burnett), and her own insurer, Louisiana Farm Bureau Casualty Insurance Company. By supplemental and amending petition filed on January 23, 2013, the plaintiff named Benjamin Cosby, Lewis Burnett, Progressive Insurance Company of Louisiana (as insurer of Mr. Cosby and Mr. Williams) and USAgencies (as insurer of Mr. Burnett) as defendants in her lawsuit. By second supplemental and amending petition filed on May 20, 2013, the plaintiff corrected her pleading to substitute USAgencies as insurer to Mr. Cosby. Mr. Cosby was not served with either supplemental and amending petition.
UOn November 12, 2013, USAgencies moved for summary judgment, pointing out that its insurance coverage of Mr. Cosby had expired on September 4, 2010, and, thus, it was entitled to summary judgment as a matter of law. In support of its motion, the defendant/appellee insurance company submitted an unverified copy of policy No. 4861875 and declarations page, as well as an affidavit by an authorized insurance company representative stating *1038 that Mr. Cosby’s policy was not renewed and, thus, expired on its own terms on September 4, 2010.
On December 12, 2013, the plaintiff responded to USAgencies motion for summary judgment, asserting that USAgen-cies did not show by competent, reliable evidence that Mr. Cosby did not renew his policy. The plaintiff insisted that the issue before the court on summary judgment was “whether the Mover, urging an affirmative defense, has provided evidence that shows that mover legally notified Mr. Cosby of the alleged lapse in his coverage.”
A hearing on the motion for summary judgment was initially held on December 20, 2013, but upon learning that Mr. Cosby had not been served, the district court gave the plaintiff until February 3, 2014, to effect service on Mr. Cosby, with instructions that the motion should be re-urged after service. A waiver of service was filed on behalf of Mr. Cosby by plaintiffs counsel on February 11, 2014. On March 3, 2014, Mr. Cosby filed his response to the plaintiff’s petition and supplemental and amending petition, denying all claims.
The district court heard the re-urged motion for summary judgment on March 28, 2014. After ascertaining that Mr. Cosby had been found and had waived service and that the policy issued by USAgencies to Mr. Cosby was “for term dates of February 19th, 2010, to September the 4th, 2010, and the accident at | ¡¡issue allegedly occurred on September the 15th of 2010,” the district court found that no genuine issue of material fact existed and granted summary judgment to USAgencies. A judgment prepared by defense counsel (including a certificate stating that the judgment had been faxed to plaintiff’s counsel on March 31, 2014, and received no objection) was signed by the district court and mailed to all parties on April 16, 2014. On that same date, the plaintiff filed a motion for new trial wherein counsel conceded he had failed to file a motion to continue the March 28, 2014, hearing date but argued that it was error for the district court to grant summary judgment without his presence at the hearing. In addition, the plaintiff’s motion for new trial asserted that the district court erred because USA-gencies “failed to prove its prima facie case necessary to obtain a summary judgment in its favor.” The motion for new trial was denied on April 30, 2014, and the plaintiff filed this timely devolutive appeal.

Applicable Law

On appeal, motions for summary judgment are reviewed de novo “using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Supreme Services & Specialty Co., Inc. v. Sonny Greer, Inc. 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638. A motion for summary is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. Art. 966. The burden is on the mover to establish that no material fact issues exist but, where the mov-ant will not bear the burden of proof at trial, the movant need only \4point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. Code Civ. Proc. Art. 966(C)(2); Greenhouse v. C.F. Kenner Associates Ltd. P’ship, 98-0496, p. 4 (La.App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that a genuine issue of material *1039 facts exists such that summary judgment is not appropriate. Id. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183 (citation omitted). Summary judgment declaring a lack of coverage under an insurance policy is appropriate only when there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Id.

Discussion

The crux of the plaintiff’s argument on appeal is that “USAgencies failed to provide facts to prove its prima facie case for its affirmative defense.” In addition, the plaintiff asserts the typographical error in the affidavit submitted by USA-gencies in support of the motion proves that Mr. Cosby was not timely notified of the pending expiration of his insurance policy and, therefore, a genuine issue exists as to whether the insurance policy had expired.
The plaintiff clearly misapprehends a defendant’s burden on summary judgment. Because a defendant (in this case, USA-gencies) does not have the burden of proof at trial, its burden on summary judgment is only to point out the absence of an essential element in the plaintiffs claim. See La.Code Civ. Proc._|¿Art. 966(C)(2). Therefore, USAgencies was not required, as the plaintiff mistakenly claims, to put forth a prima facie case before the burden shifted to the plaintiff and, thus, the purportedly flawed nature of the evidence submitted by USAgencies in support of its motion is irrelevant.
Accordingly, after USAgencies pointed out that Mr. Cosby was not insured by USAgencies at the time of the accident, the burden shifted to the plaintiff to produce factual support sufficient to establish that she would be able to prove at trial that a policy issued by USAgencies was in effect at the time of the accident. The plaintiff failed to do so. Clearly, the plaintiffs argument that USAgencies had not proved a negative (there was no policy in existence at the time of the accident) and/or that Mr. Cosby was not timely notified of the pending expiration date does not create a genuine issue of material fact as to whether there was a policy in place at the time of the accident. Notably, Mr. Cosby (whose answer was filed on March 3, 2014, well before the March 28, 2014, hearing), did not allege that his USAgen-cies policy was in effect at the time of the accident or that USAgencies had improperly notified him of its pending expiration. Likewise, there is no incidental demand in Mr. Cosby’s answer against USAgencies alleging coverage or improper notification of his policy expiration date. Accordingly, even accepting arguendo that improper notification could defeat summary judgment in this case, it is unclear how the plaintiff has standing to make that claim without Mr. Cosby asserting that he was improperly notified of the pending expiration date of his insurance policy. Mr. Cosby remains a defendant in the plaintiffs lawsuit. However, because there is no claim that he was insured at the time of the accident by Mr. Cosby against USA-gencies in the record before the district court, USAgencies is entitled to summary judgment as a matter of law.
|fi Conclusion
After de novo review, the judgment of the district court is affirmed.
AFFIRMED.