EDWIN A. LOMBARD, Judge.
h Kenneth Rivarde, individually and in his capacity as the natural tutor of minor child, Kenneth Rivarde, Jr., and Kennitia Rivarde, seek review of the March 19, 2015 judgment of the district court granting the motion for summary judgment of the City of New Orleans. However, having determined that.the;wording of the.March 19, 2015 judgment lacks the required decretal language, we convert this appeal to a writ application. The -writ application of the Rivardes is granted, but the relief sought is denied.
Facts and Procedural History
. Channelda Rivarde (“Mrs. Rivarde”), the wife of Kenneth Rivarde, died as a result of fatal injuries she sustained in a motor vehicle accident on July 9, 2002, at the intérsection of North Rocheblave St. and A.P. Tureáud Blvd. in New Orleans. On that date,'Mrs. Rivarde was riding as a passenger in a vehicle, a 1988 Chrysler New Yorker, being "operated by Linda Williams (“Ms. Williams”). Several New Orleans Police Department (“NOPD”) officers in three separate patrol units were pursuing fleeing felon Gerald ’ Nickles (“Nickies”), when hé ran a stop sign and struck Ms. Williams’ vehicle causing her death and the death of Mrs. Rivarde. 12Nickles was cited- with reckless operation of a vehicle and arrested.at the scene. He was charged for the following offenses: 1) two counts of negligent ’ homicide; 2) re *402 sisting arrest by-flight; 3) possession of stolen property; and 4) felon in possession of a firearm. Nickles eventually pled guilty to two counts of manslaughter. Additionally, • an overheated police unit was towed from the accident scene.[1]
On June 6, 2003, Kenneth Rivarde (“Mr. Rivarde”) filed a Petition for Wrongful Death and Survival, individually and. “in his capacity as the natural tutrix”[2] of his minor children, Kennitia Rivarde and Kenneth Rivarde, Jr., against the City of New Orleans (“the City”).- The Rivardes recount that they encountered several setbacks in advancing this matter toward trial including:
• Hurricane Katrina;
• The unavailability of witnesses, including former NOPD officers, and loss of documentation post-Hurricane Katrina;
• Mayoral administration changes;
• Re-assignment of this matter to various presiding judges; and
• Most importantly, approximately five different City Attorneys as well as • various Assistant and Deputy City Attorneys assigned' to this matter over its decade plus history.
Ultimately, after various motions 'for status conference were filed by the Ri-vardes, and jointly by both parties, the City filed a motion for summary I .¡judgment on November 7, 2014, asserting that no genuine issues of material fact exist to show that the City is responsible for the accident that caused Mrs. Rivarde’s death and maintaining that the matter is abandoned. Moreover, the City raised exceptions of no right of action and no cause of action within its motion.[3] At the time the City filed its motion for summary judgment and pursuant to the September 8, 2014 Notice of Trial, the discovery cut-off was November 10, 2014 and trial was set for December 9, 2014. The district court later held a telephone conference with the parties wherein the trial date was reset for May 26, 2015, and the discovery cut-off date was extended to April 16, 2015. The district court further set the hearing on the City’s motion for summary judgment for February 6, 2015. The record does not reveal why the trial date and the discovery deadline were reset.
After the February 6th summary judgment hearing, the district court rendered judgment granting the City’s motion for summary judgment, but denying its exceptions. Thereafter, the Rivardes timely moved for an appeal. The judgment at issue, however, is not a final appealable judgment because of the absence of decre-tal language specifying that the Rivardes ■claims are dismissed as a-result of the grant of the City’s motion for -summary judgment. However, the Rivardes moved for an appeal within 30 days -of the judgment at issue; therefore, .we invoke our supervisory jurisdiction and convert then-appeal to a writ application as. it is timely *403 pursuant to Rule 4-3, Uniform Rules— Courts of Appeal.[4]
| .(Assignments of Error
The Rivardes raise three assignments of error:
1. The district court erred in granting summary judgment in favor’ of the City prior to the completion of adequate discovery, particularly considering that at the time of the February 6, 2015 hearing on the motion for summary judgment, more than two (2) months remained before the April 16, 2015 ' discovery cut-off deadline;
2. The district court’s grant of the City’s motion for summary judgment was premature and in violation of La.Code Civ. Proc. art.- 966(C)(1), which requires adequate discovery before a- motion for summary judgment can be granted; and
3. The district court erred in granting summary judgment in favor of the City when genuine issues of material fact exist as’ to whether the City breached its duty by engdging in á high-speed chase, causing the accident that killed Mrs. Rivarde.
Premature Consideration of the City’s Motion for Summary Judgment
We address the Rivardes’ first and second assignments of error jointly as both relate to their assertion that the district court’s consideration of the City’s motion for summary judgment was premature because the discovery deadline was two months after the summary- judgment hearing.
In their first assignment of error, the Rivardes assert that the district court prematurely heard the City’s motion for summary judgmerit because discovery was still ongoing. They assert that at the time of the summary judgment hearing it was a little'over two months before the April 16, 2015 discovery deadline.
|BA district court’s decision to hear a motion for summary judgment where discovery is alleged to be incomplete is reviewed under-an abuse of discretion standard. Newsome v. Homer Memorial Medical Center, 10-0564, p. 3 (La.4/9/10), 32 So.3d 800, 802. Thus, the Rivardes assert that the district court abused its discretion in granting the motion for summary judgment when genuine issues of material fact were still discoverable. They contend that La.Code Civ. Proc. art. 966(C) provides that summary judgment may only be granted after adequate discovery or after a case t is set for . trial. They .further rely upon La.Code,Civ. Proc. art. 967(C) which provides that:
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present, by affidavit facts essential to justify his opposition, the- ‘court may refuse -the application for judgment or may order a continuance, to permit affidavits, to be obtained or depositions to be taken or discovery to be had .or may make such other order as is just.
*404 They assert that the grant of summary judgment is premature where the request for additional time is to conduct additional discovery for informatiqn pertaining to the issues raised in the motion for summary judgment. They contend that their attempts to advance this matter were thwarted by the City’s allegedly dilatory actions coupled with the effects of Hurricane Katrina.
The Rivardes aver that they informed the district court that there was inadequate discovery conducted despite their attempts to depose several officers identified as participants in the alleged high-speed chase that led to Mrs. Rivarde’s demise. They further assert- the City admitted in' August 2013, that 'it faced setbacks in conducting discovery post-Katrina, including locating -witnesses and former NOPD officers and recovering relevant documentation.
IflWe note that at the time that the City filed its motion for summary judgment on November' 7, 2014, only three days remained before the expiration of the then-existing discovery deadline of November 10, 2015. The discovery deadline was only extended after the City filed-.its summary judgment motion. The Rivardes do pot assert that the deadline was extended at their request or because the district court decided to allow for further discovery to be conducted.
Furthermore, pursuant to La.Co'de Civ. Proc. art. 966(C), the district court’s* decision to consider the City’s motion was not an abuse of its discretion. As previously stated, article 966 provides that summary judgment may only be granted after adequate discovery or after a ease is set for trial. Both elements were met in- the instant matter. This matter has been pending for over a decade during which discovery has been conducted. Moreover, the case was only days away from its prior discovery deadline'when thfe City filed its motion for summary judgment. Lastly, the case was set for trial on December 10, 2014, at the time the City’s motion was filed. The district court did not abuse its discretion in considering the City’s motion for. summary judgment under the facts of this case. - This assignment of, error is without merit.
In their second assignment of error, the Rivardes argue that had more discovery been conducted they would have had time “to obtain or amend affidavits, take depositions or otherwise obtain discovery,” pursuant to La.Code Civ. Proc. art. 967. This additional time, they contend, would not have, prejudiced either of the parties and would have been in compliance with the Notice of Trial issued .by the district, court. They further aver that it is unfair that they were unable to take advantage of the additional discovery time prior to the district court hearing the motion for summary judgment. The additional time, they aver, could have. |7been used to reveal questions of fact such as whether the NOPD officers involved in Mrs. Rivarde’s accident engaged in a high-speed, chase that resulted in her death; The City was uncertain, they allege, at the time of the summary'judgment hearing as to whether the police officers involved in' the accident were still in the City’s employ.
Louisiana jurisprudence holds that parties must be given a fair opportunity to carry out discovery, but there is no requirement that summary judgment be delayed until discovery is complete. Davis v. Riverside Court Condo. Ass’n Phase II, Inc., 14-0023, p. 19 (La.App. 4 Cir. 11/12/14), 154 So.3d 643, 654 (citing Thomas v. North 40 Land Development, Inc., 04-0610, p. 31 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, 1179). Our Supreme Court has further explained that, “[t]he only requirement is that the parties be given a *405 fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.” Id., 14-0023, p. 19, 154 So.2d at 654 (quoting Simoneaux v. E.I. du Pont de Nemours and Co., 483 So.2d 908, 913 (La.1986)).
In the matter sub judice, the Rivardes had over a decade to conduct discovery and to establish that they could ultimately meet their burden of proof at trial. However, they were unable to present sufficient evidence demonstrating that a genuine issue of material fact exists as to whether they could meet their burden of proof on their wrongful death and survival claims. They principally relied upon the affidavit of one witness, Bobby Parker, to controvert the NOPD’s traffic crash report, supplemental fatality report and affidavits from NOPD officers that the City relied upon in moving for summary judgment. Mr. Parker’s affidavit was substantively deficient as will be explained in the discussion of the remaining | Sassignment of error. Additionally, the Rivardes do hot assert or explain specifically how they were precluded from conducting discovery that would have further advanced their case. Furthermore, the City represents that since 2008, the Rivardes have not propounded further discovery. ' For the foregoing reasons, we find this assignment of error to also be without merit.
The Existence of Genuine Issues of Material Fact
In their final assignment of error, the Rivardes contend that the district court erred in granting the City’s motion for summary judgment because genuine issues of material fact exist as to whether the City breached its duty when NOPD officers engaged in a high-speed chase that resulted in Mrs. Rivarde’s death. The City, the Rivardes assert, acknowledges that a general duty of “safety and operation of their vehicles” is owed to the public by the NOPD. However, the City denies that a high-speed chase occurred on the night of Mrs. Rivarde’s death.,
A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions,* answers to interrogatories, and admissions, together with the- affidavits, if any, show that-there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter Of law.” La.Code Civ. Proc. art. 966. On appeal, motions for summary judgment are reviewed d'e novo using the same criteria that ■ govern the trial court’s consideration of whether summary judgment is appropriate. Johnson v. Williams, 14-0903, p. 3 (La.App. 4 Cir. 2/4/15), 160 So.3d 1036, 1038 {citing Supreme Services & Specialty Co., Inc. v. Sonny Greer, Inc. 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638). This Court views “the record and all reasonable inferences that may be drawn from it in the light .most favorable, to the non-mov-ant.” Kovach v. Hancock Bank of Louisiana, 14-0981, p. 3 (La.App. 4 Cir. 5/6/15), 164 So.3d 436, 439 (quoting Hines v. Garrett, 04-0806, p. 1 (La.6/25/04), 876 So.2d 764, 765).
The burden of proof remains 'with the movant; however, “if the movant will not bear the burden of proof at'trial on the matter that1 is before the court on the motion for1 summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential- elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements. essential to the adverse party’s claim, action,' or defense.” La.Code Civ. Proc. art. 966(C)(2). “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to *406 satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id.'
In the matter sub judice, the burden- of proof at trial wóúld be on the Rivardes, so the City was not required to negate all elements of the Rivardes’ negligence claim, but only to show that there was an absence of factual support for an essential element of their claim. The City argued on summary judgment that there is no proof that the NOPD officers caused Mrs. Rivarde’s death. In support of its motion the City attached the NOPD’s traffic crash report, a .supplemental fatality report, as well as affidavits from Sgt. Hansche and Det. Sinegar. All the evidence submitted by the City supports its assertion that Mrs. Rivarde was killed as a result of the NOPD’s pursuit of Nickles, but there is no evidence that a high-speed chase occurred.
The reports reflect that Nickles was being followed by NOPD Officer Derrick Thompson, who noticed that-there was not a visible license plate on Nickles’ vehicle. Nickles was subsequently seen discarding a gun from his vehicle and began to accelerate speed, drive erratically and even drive against traffic. The |inreports further indicate that officers, in three separate patrol units, kept sight of Nickles vehicle, but were not able to keep up with him. Nickles was observed disregarding a stop sign at the intersection of North Ro-cheblave St. and A.P. Tureaud Blvd., causing the subject collision.
Sgt. Hansche attested to being assigned as the primary investigator at the accident scene. He further described that the collision occurred between two vehicles, Nickles’ 1994 Cadillac Seville STS and Ms. Williams’ 1988 Chrysler New Yorker.
' Det. Sinegar attested to being a passenger in the third patrol car following Nickles on the date of the accident. He stated that his patrol unit stopped to retrieve the gun discarded by Nickles during the pursuit. He further - described that the remaining two units following Nickles with flashing lights and sirens, found and lost Nickles several times prior to the collision, which only involved the vehicles of Ms. Williams and Nickles.
The Rivardes maintain that the City’s narrative of the facts is disingenuous considering that the affidavits of the NOPD officers involved in the accident reflect that they were following Nickles when he “accelerated” in his attempt to lose them. The Rivardes maintain that in order for Nickles to accelerate and lose the NOPD officers pursuing him that he was not driving the’ speed limit. It also follows, they aver, that the NOPD officers involved increased their rate of speed to catch Nickles.
Relying upon the Supreme Court’s holding in Willis v. Medders, 00-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050, they argue that a “factual inference reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor.” ^Evidence that a high-speed chase occurred is contained in the officers’ affidavits, -they argue. The Rivardes aver that at best an inference could be made from the officers’ affidavits, by reasonable persons, that a high-speed chase occurred or otherwise disagree as to whether such a chase transpired, thereby creating a genuine issue of material fact.
However, there is no real evidence of a high-speed chase. The sole affidavit presented by the Rivardes is from alleged witness Bobby Parker. Mr. Parker attests to' witnessing a police vehicle being towed from the scene after the collision, that the victims were still in vehicle and the crime scene was not secured and the police car involved appeared to have been *407 damaged as a result of a collision and was smoking as it was being towed. Mr. Parker’s affidavit, they, argue,- raises questions of fact as to. whether a police, car was involved in a high-speed chase.
The Rivardes contend that the district court erroneously scrutinized Mr. Parker’s affidavit in determining that the affidavit was deficient in form. The district court, they maintain, should have focused on the substance of the affidavit. They emphasize that the doctrine of substance over form is what controls in Louisiana. The substance of Mr. Parker’s affidavit, they assert, creates a genuine issue of material fact as to whether there was a high-speed police chase that occurred.
Nevertheless, pursuant to our de novo review, we find that it is the content of Mr. Parker’s affidavit that is deficient, The affidavit lacks specificity and facts to assure this Court that Mr. Parker actually witnessed the accident or its aftermath.
La.Code Civ. Proc. art. 967 provides in pertinent part:
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show | ^affirmatively that the affiant is competent to testify to • the matters statéd therein. The • supporting and opposing affidavits of experts may set forth such experts’ opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all pa- ■ pers or parts thereof referred to in an affidavit shall be attached there- ■ to or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B, When a'motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response,, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial.. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
Mr. Parker’s affidavit states that “on or abqut July 2002” he witnessed a police vehicle being towed from the accident scene shortly after the collision. He further relates that the victims were still in one of the vehicles at the scene and that a smoking police car appeared to have been damaged in the collision. However, as the district court noted, neither the accident nor the collision is described therein and a specific date of the accident is not given. Also notably absent are other details: the location of the accident; the approximate time Mr. Parker witnessed what occurred; the color, make and model of the cars involved; and how many cars were involved in the collision. Mr. Parker’s affidavit is vague at best.
Pursuant to La. Civ.Code art. 967, the affidavits submitted in opposition to a motion for summary judgment “must set forth specific facts showing that there is a genuine issue for trial,” otherwise “summary judgment, if appropriate, shall be rendered against” the- opposing party. The ■ affidavit of Mr. Parker lacks the 1 ^specificity required to demonstrate that there is a genuine issue of material fact and is insufficient to contradict • the breadth of evidentiary support of the City’s motion for summary judgment. Therefore, we find 'that no genuine issue of *408 material fact exists as to whether NOPD was engaged in high-speed chase of Nickles prior to the subject accident. This assignment of error is without merit.
DECREE
We hereby convert the appeal of' Kenneth Rivarde, individually and in his capacity as the natural tutor of his minor child, Kenneth Rivarde, Jr., and Kennitia Ri-varde, to a writ application. Wfe grant the writ applicátion to exercise our supervisory jurisdiction; however, for the foregoing reasons, we deny the relief sought by the plaintiffs.
APPEAL CONVERTED TO A SUPERVISORY WRIT APPLICATION; WRIT GRANTED; RELIEF DENIED

. The City represents that in July 2002, Sgt. Peter Hansche; tire primary investigator for the subject .accident, requested a mechanic's report for a police unit that was towed from the crash area. The report, which was attached to the City’s motion for summary judg- - ment, reflects that the patrol unit overheated and required a new temperature gauge.

. Despite the wording of the Rivardes’ Petition for Wrongful Death and Survival, Mr. Rivarde is and was a ''tutor.”

.The City contended that Mr. Rivarde had no right of action as to Kennitia Rivarde because she reached the age of majority. It further asserted that the Rivardes had no cause of action for survival claims because Mrs. Ri-varde allegedly died on impact. In January 2015, the Rivardes filed an amended petition wherein Kennitia Rivarde intervened as a major.

. A final judgment shall be identified as such by appropriate language. La.Code Civ. Proc. art. 1918, Furthermore, “ ‘A final appealable judgment must contain decretal language,, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.’ ” Bd. of Sup’rs of Louisiana State Univ. & Agric. & Mech. Colt v. Mid City Holdings, L.L.C., 14-0506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910 (citations omitted). "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.” Id., 14-0506, p. 3, 151 So.3d at 910 (citations omitted).