JENKINS, J.,
DISSENTS WITH REASONS
|¾1 respectfully dissent from the majority!s conclusion that the trial court erred in granting the motions for partial summary judgment filed by Hensley R. Lee Contracting, Inc. and Tom Hayden (collectively, “the HRL Defendants”). I would grant the motion and dismiss all of Plaintiffs’ claims against the HRL Defendants based on racial discrimination, hostile work environment, intentional infliction of emotional distress, and ■ all other claims based on racial animus.
|aI first address the majority’s finding that the trial court incorrectly granted partial summary judgment because the HRL Defendants only sought dismissal of “nonexistent employment law claims that Plaintiffs never raised.”
In their motions for partial summary judgment, the HRL Defendants expressly sought dismissal of “all claims of racial discrimination, hostile work environment, *1048 intentional infliction of emotional distress and all other claims based on racial animus,” The HRL Defendants sought dismissal on two separate grounds. First, they argued that no genuine issues of material fact existed which would impose liability on them for any claims of race-based discrimination, hostile work environment, or claims of intentional infliction of emotional distress. Second, the HRL Defendants argued that Plaintiffs’ claims of racial discrimination and hostile work environment arising under the Louisiana Employment Discrimination Law, La. R.S. 23:301 et seg., should be dismissed because the HRL Defendants were not Plaintiffs’ statutory “employer.”
Under La. C.C.P. art. 966(F), “[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time.” Although a trial court cannot rule on issues not raised by the parties, I find that the HRL Defendants properly raised the issues of racial animus/racial discrimination/hostile work environment/intentional infliction of emotional distress in their motions for summary judgment, and the trial court properly addressed those issues in its judgment.
I next address the majority’s conclusion that the trial court committed legal error by dismissing “all claims based on racial animus under LUTPA (or otherwise)” because Plaintiffs’ race-based allegations are not “stand-alone causes of action” but rather “evidentiary facts, that support the alleged conspiracy to engage in deceptive acts” that violated LUTPA.
|4Under La. C.C.P. art. 966(E), “[a] summary judgment may be rendered disposi-tive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties.” Thus, the scope of summary judgment is not limited to causes of action, such as a violation of the LUTPA, but more broadly includes all theories of recovery.
I find that Plaintiffs’ factual allegations of racial animus constitute a theory of recovery under the LUTPA, which was properly subject to dismissal via a motion for partial summary judgment under La. C.C.P. art. 966(E). I note that the HRL Defendants did not move for partial summary judgment on Plaintiffs’ other theory of recovery under the LUTPL, which is based on the HRL Defendants’ alleged acts intended to disrupt and undermine Plaintiffs’ work, including (1) questioning Plaintiffs’ work performance and abilities; (2) making unnecessary change orders; (3) sending bogus notices of corrective action; and (4) ordering Plaintiffs to perform work contrary to the project plans and industry-accepted standards. At this point, that separate theory of recovery remains to be tried.
Next, I address the majority’s conclusion that genuine issues of material fact remain as to whether the HRL Defendants “conspired to create a hostile work environment through the intentional infliction of emotional distress and racial discrimination.” A review of the record shows that during their depositions, each Plaintiff was asked what acts of racial discrimination he saw with his own eyes or heard with his own ears—not what other people told him, but what he saw and heard. Each of the Plaintiffs was also asked if he was personally subjected to racial discrimination while working on the levee project. All of the Plaintiffs, with the exception of Nathaniel White, testified that they had not been personally subjected to racial discrimination by HRL or Mr. Hayden. One plaintiff, Nathaniel | ¡White, testified that he heard a single instance of racially offensive language directed toward him by Mr. Hayden.
*1049 I agree with the trial court that Plaintiffs, without actually having personally heard racially discriminatory language or experienced racially discriminatory acts by the HRL Defendants or, in the case of Nathaniel White, having heard only a single instance of racially offensive language—are unable to meet their burden of proof with respect to Plaintiffs’ race-based claims and claims of intentional infliction of emotional distress. See Hicks v. Central Louisiana Elec. Co., 97-1232 (La. App. 1 Cir. 5/15/98), 712 So.2d 656, 659 (finding that plaintiffs failed to sustain their initial summary judgment burden of establishing a prima facie case of racial discrimination/hostile work environment in part because “plaintiffs testified they had never been personally subject to racial slurs” or testified about only an “isolated” racially derogatory remark). For the same reason, I find that, even if Mr. Stephens were an employee of HRL rather than an independent contractor, Plaintiffs cannot satisfy their burden of proof.
I also agree with the trial court that Plaintiffs did not present sufficient summary judgment evidence to show that all of the defendants conspired to attack the Titan crew as a whole in a joint effort to drive Plaintiffs from the job site, which Plaintiffs argue would obviate the need for proof of direct racial attacks on Plaintiffs by the HRL Defendants.
And although Louisiana courts do recognize that summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, or malice, summary judgment may be granted on subjective intent issues where—as here— no genuine issue of material fact exists concerning alleged racially discriminatory conduct or intent. See Jones v. Estate of Santiago, 03-1424, p. 6 (La. 4/14/04), 870 So.2d 1002, 1006. Given that Plaintiffs simply did not come forward with evidence that creates an issue of material fact, I also find that the trial Rcourt did not im-permissibly weigh the evidence or make credibility determinations. See Selvage v. Gainey Transp. Serv., Inc., 03-0959, p. 4 (La. App. 4 Cir. 10/8/03), 859 So.2d 813, 816.
Finally, I disagree with the majority’s conclusion that the trial court erred in granting partial summary judgment because additional discovery is needed. A trial court’s decision to hear a motion for summary judgment where discovery is alleged to be incomplete is reviewed under an abuse of discretion standard. Rivarde v. City of New Orleans, 15-0655, p. 5 (La. App. 4 Cir. 3/9/16), 190 So.3d 400, 403, writ denied, 16-0670 (La. 5/27/16), 192 So.3d 744. There is no requirement that summary judgment be delayed until discovery is complete. Rivarde, 15-0655, p. 7, 190 So.3d at 405. Although the parties must be given a fair opportunity to carry out discovery, in order to delay a motion for summary judgment when it appears that there is no genuine issue of material fact, a party must show a “probable injustice.” Id. I find that Plaintiffs have not satisfied their burden, given that they did not ask the trial court for a continuance so that additional depositions could be taken, as permitted by La. C.C.P. art. 967(c), or even brief the issue in this court.
For the reasons assigned, I would affirm the trial court’s July 19, 2016 judgment granting the HRL Defendants’ motion for partial summary judgment, and dismiss, with prejudice, all of Plaintiffs’ claims of racial discrimination, hostile work environment, intentional infliction of emotional distress, and all other claims based on racial animus, including those falling under the LUTPA, against the HRL Defendants.