Judge Dennis R. Bagneris, Pro Tempore
Appellant, Robert G. Harvey, Sr. ("Harvey"), appeals the judgment of the district court granting summary judgment in favor of defendant, Allen J. Krouse, III ("Krouse"), and dismissing the defamation claims filed by Harvey against Krouse. For the reasons that follow, we find that the judgment of the district court should be affirmed.
FACTUAL AND PROCEDURAL BACKGROUND
This matter stems from a personal injury suit filed following an automobile accident in December 2014 in which Appellant, Harvey, represented the plaintiff, Antoine M. Saacks, Jr. ("Saacks").[1] The lawsuit was filed in state court and removed to federal court. Appellee, Krouse, represented the insurance company defendant, Privilege Underwriters Reciprocal Exchange ("PURE"). Following discovery of medical records which suggested to PURE that the plaintiff's claim may have been fraudulent, on December 20, 2016, PURE, through Krouse, sought leave to file an amended answer that alleged, inter alia , that "suspicious circumstances in this case show Plaintiff's intent to defraud PURE in his uninsured motorist claim for ... the accident of December 30, 2014." While the allegations of the amended answer touch on a wide range of alleged failures by Saacks to cooperate with PURE in its claim investigation, they center on the fact that following the accident, in his recorded statement to PURE, Saacks explicitly and unequivocally denied ever having received treatment for his neck or back; however, PURE alleged that subsequent discovery revealed that he had received extensive prior treatment for *536 these injuries, and had brought three prior personal injury lawsuits for similar or even identical injuries, and was represented by Harvey in two of them.
With respect to Harvey, the sole specific allegation states that "at the time PURE requested relevant medical records from [Saacks] concerning his alleged injuries from the December 30, 2014 accident, both [Saacks] and his attorney, Harvey, knew of the existence of these prior lawsuits and pre-existing injuries," that Harvey represented Saacks in two of the prior cases (Spruell and Hawkes ), and that despite their knowledge, Saacks and Harvey failed to tender the requested relevant medical records and concealed the lawsuits involving the same injuries Saacks claimed he sustained on December 30, 2014. Amended Answer, ¶ 7.
On December 27, 2016, Harvey moved to strike the amended answer and for Federal Rule 11 sanctions against Krouse, and on December 28, 2016, filed the instant defamation suit against Krouse and PURE alleging that the statements made by Krouse in the amended answer were defamatory per se , untrue, and made without any probable cause. Subsequent to the filing of the instant defamation suit, on January 18, 2017, the United States Magistrate Judge denied both Harvey's motion to strike and Rule 11 sanctions request, specifically finding that "the amendment was sought simply to conform the pleadings to the evidence that ha[d] been revealed through discovery."
On January 27, 2017, PURE removed the defamation case to federal court, alleging that Krouse was improperly joined and that diversity jurisdiction was present. However, on March 9, 2017, before an answer was filed, Harvey voluntarily dismissed PURE, leaving Krouse, undisputedly a Louisiana citizen, the sole defendant. Accordingly, the matter was remanded to state court.
On March 31, 2017, Krouse filed a "Peremptory Exception of No Cause of Action and Alternative Motion for Summary Judgment." Following a hearing on June 23, 2017, the district court granted Krouse's motion for summary judgment in a judgment entered on September 12, 2017. In so ruling, the district court stated that "upon finding that the statements alleged to be defamatory are protected by the qualified privilege provided by LSA-R.S. 14:49(4), and that the statements were not made about plaintiff herein personally, but in his capacity as disclosed agent for his client, which is clear from the Motion for Leave to Amend Answer filed in the Federal Court proceeding: and upon further finding that there is no evidence that the alleged defamatory statements were made with malice," summary judgment dismissing the claims was granted. This timely appeal followed.
ISSUES PRESENTED FOR REVIEW
On appeal, Harvey contends that the district court erred in the following respects: (1) the motion for summary judgment should not have been considered because it was premature; (2) there was no record evidence introduced at the hearing upon which the district court could base his ruling; (3) plaintiff was not and should not have been required to prove malice; (4) defendant's alleged defamatory statements were not protected by a qualified privilege; and (5) fact issues existed that precluded summary judgment. We address each below.
STANDARD OF REVIEW
We review the district court's decision to entertain the motion for summary judgment for abuse of discretion.
*537 Rivarde v. City of New Orleans , 15-0655, p. 5 (La. App. 4 Cir. 3/9/16), 190 So.3d 400, 403. Our review of the summary judgment itself is de novo. Costello v. Hardy , 03-1146, p. 8 (La. 1/21/04), 864 So.2d 129, 137.
DISCUSSION
Louisiana Code of Civil Procedure article 966 provides that "[a] party may move for a summary judgment for all or part of the relief for which he has prayed.... [and a] defendant's motion may be filed at any time. La. C.C.P. 966(A)(1). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." Id. at (A)(3).
"The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions."Id. at (A)(4). "For good cause shown, the court may order a continuance of the hearing" on the motion for summary judgment. Id. at (C)(2).
The mover bears the burden of proof. Id. at (D)(1). However, if the mover will not bear the burden of proof at trial on the issue raised by the motion, "the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." Id. Instead, the mover must "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." Id. The opponent of the motion then bears the burden of producing "factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." Id.
In resolving the motion, "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made." Id. at (D)(2). Objections to any documents must be raised in a timely filed opposition or reply memorandum. Id.
Finally, we note that "because of the chilling effect on the exercise of free speech, defamation actions have been found particularly susceptible to summary judgment. Summary adjudication, we have recognized, is a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the free exercise of rights of speech and press." Kennedy v. Sheriff of E. Baton Rouge , 05-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686 (citation omitted).
The motion for summary judgment was not premature.
Harvey argues that Krouse's motion for summary judgment was premature because there was not adequate time for discovery prior to the hearing. However, a defendant's motion for summary judgment "may be filed at any time." La. C.C.P. 966(A)(1). Moreover, "[t]he jurisprudence holds that while parties must be given fair opportunity to carry out discovery and present their claim, there is no absolute right to delay action on [a] motion for summary judgment until discovery is complete." Mitchell v. Valteau , 09-1095, p. 13 (La. App. 4 Cir. 1/27/10), 30 So.3d 1108, 1116 (internal quotations omitted). Our Supreme Court directs that " '[t]he only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact.' "
*538 Id. , 09-1095 at p. 14, 30 So.3d at 1116, quoting Simoneaux v. E.I. du Pont de Nemours and Co. , 483 So.2d 908, 912-13 (La.1986). Applying these precepts, we find that the district court did not prematurely grant summary judgment.
The record reflects that at the time of the hearing, in June 2017, Krouse's motion for summary judgment had been pending for almost three months. The record also establishes that Harvey, after filing suit in December 2016, did not attempt to conduct any discovery in the six months prior to the district court's judgment. At no time did Harvey seek a continuance of the motion, nor did he submit an affidavit setting forth any reasons stating how or why he was prevented from adequately opposing the motion. See La. C.C.P. 966(C)(2). Rather, he argued in his opposition and at the hearing that discovery of PURE's claim file was required, without explaining how or why the claim file was material to his defamation claims or Krouse's defenses. He does not specify why the contents of PURE's claim file (at that point a non-party) would shed light on the issue of Krouse's alleged malice. Moreover, it appears that parts of PURE's claim file, including the transcribed interview of Saacks and PURE's claim notes, were made part of the summary judgment record. Accordingly, we find that the motion for summary judgment was not premature, and the district court did not abuse its discretion in entertaining it or granting it.
The record adequately supports the district court's ruling.
Harvey contends that there was no record evidence introduced at the hearing, and therefore no record evidence upon which the district court could base its ruling. In making this argument, Harvey argues that the defendant did not offer and introduce any of the documents on which the motion was based into the record, nor did the district court specifically rule that the documents attached to the exception were accepted into evidence and made part of the record. We are unpersuaded.
While it is true that over time, our legislature has amended the requirements for admissibility of summary judgment evidence, the version of La. C.C.P. 966 in effect when Krouse filed his motion for summary judgment, on March 31, 2017, (which is still current), provides in pertinent part that "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made . Any objection to a document shall be raised in a timely filed opposition or reply memorandum." La. C.C.P. art. 966(D)(2) (emphasis added). The article does not include a requirement that evidence be formally offered and introduced before a reviewing court may consider a motion for summary judgment. Rather, the court may consider any of the enumerated "documents" that are "filed" with the motion and for which no objection is made. See Washington v. Gallo Mechanical Contractors, LLC , 16-1251, pp. 5-6 (La. App. 4 Cir. 5/17/17), 221 So.3d 116, 120-21.
Krouse's motion for summary judgment included a statement of undisputed material facts that was supported by his own affidavit which authenticated and made part of the summary judgment record the relevant pleadings and rulings from the underlying personal injury case, in conformity with the applicable versions of La. C.C.P. articles 966 and 967. Harvey did not object to the affidavit or the attached documents. Accordingly, Krouse's documents were properly made part of the summary judgment record, and this assignment of error has no merit.
*539 Harvey has failed to establish that Krouse's alleged defamatory statements were made with malice.
Harvey alleges that Krouse defamed him by the allegations contained in his amended answer in support of PURE's fraud defense to Saacks' claims. To establish a claim for defamation, a plaintiff must show: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Kennedy, 05-1418 at p. 4, 935 So.2d at 674 citing Costello , 03-1146 at p. 12, 864 So.2d at 139 ; RESTATEMENT (SECOND) OF TORTS § 558 (1977) (other citations omitted). The fault requirement is generally referred to in the jurisprudence as malice, actual or implied. Kennedy , 05-1418 at p. 4, 935 So.2d at 674. "Malice (or fault), for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the statement giving rise to the defamation." Costello , 03-1146 at p. 18, 864 So.2d at 143.
Words that expressly or implicitly accuse another of criminal conduct or that, by their nature, tend to injure one's personal or professional reputation are considered defamatory per se. Kennedy , 05-1418 at pp. 4-5, 935 So.2d at 675. If a plaintiff makes a showing that a statement is defamatory per se , falsity and malice (or fault) are presumed, but the presumption may be rebutted by the defendant. Id.
However, "even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. Costello, 03-1146 at p. 15, 864 So.2d at 141. As set forth more fully below, we find that the alleged defamatory statements made by Krouse were privileged, and thus Harvey has failed to establish the second requirement for a defamation claim-unprivileged communication.
Louisiana Revised Statute 14:49 provides that "[a] qualified privilege exists and actual malice must be proved, regardless of whether the publication is true or false ... [w]here the publication or expression is made by an attorney or party in a judicial proceeding." "Although La. R.S. 14:49 is part of the Louisiana Criminal Code, the qualified privileges that it enumerates as defenses for criminal defamation ... are also applicable to civil defamation cases." Hornot v. Cardenas , 06-1341, p. 21 (La. App. 4 Cir. 10/3/07), 968 So.2d 789, 803 (citation omitted). The Louisiana Supreme Court has held that "[s]tatements made in the course of a judicial proceeding are subject to a qualified privilege if the statements are material to the proceeding, and are made with probable cause and without malice." Costello , 03-1146 at p. 16, n.13, 864 So.2d at 142, n.13 (citation omitted).
At the outset, we observe that the vast majority of the complained of allegations are not directed to Harvey at all-they allege various instances in which PURE claimed that Saacks was not forthcoming regarding his prior accidents and injuries, and this fraud is not imputed to Harvey. In fact, PURE, through Krouse, specifically repudiated that it was imputing Saacks' alleged fraudulent statements to Harvey, and PURE explicitly stated in the federal proceeding that "[n]one of Mr. Saacks' conduct or his knowledge of his fraud is imputable to his former counsel. Nothing PURE alleged in its Amended Answer about fraudulent conduct is toward any person other than the insured(s) under the PURE Policy. ..." Likewise, the federal magistrate judge, in determining whether the amended answer should be stricken, stated "I think they've made it pretty clear *540 in their pleadings that ... [fraud by Harvey is] not their argument. This is an argument about an exclusion in the policy that pertains to your client's claim, not the lawyer."
Nevertheless, Krouse's amended answer did allege with respect to Harvey, specifically, that he concealed prior lawsuits involving the same injuries Saacks claimed to have sustained on December 30, 2014, when he knew of the prior suits and had represented Saacks in two of them. Such a statement by its nature is injurious to Harvey's personal and professional reputation, and therefore may be considered defamatory per se , and malice is therefore presumed. The burden thus shifted to defendant Krouse to rebut the adverse presumption, and to point to facts which demonstrate an absence of malice-that is, to show that the statements were not made with a lack of reasonable belief in their truth.
We find that Krouse has met this burden, because given the information obtained through discovery, the allegations were made with a reasonable belief in their truth. The record evidence establishes that at the time Krouse's original answer was filed, on February 12, 2016, Saacks, represented by Harvey, had stated to PURE that he had not been involved in any prior accidents or lawsuits. However, subsequent discovery (after Harvey had withdrawn as Saacks' counsel and he was represented by a new attorney) revealed that Harvey had previously represented Saacks in two prior lawsuits claiming injuries to the same body parts allegedly injured in the December 2014 accident. Harvey acknowledges his prior representation of Saacks in his affidavit, but claims that his personal records of the prior suits were lost in Hurricane Katrina, and in any event that the suits were public record. We take no position on whether Harvey's actions constituted intentional concealment or not, but note with respect to the allegations in PURE's amended answer, that "[w]hether or not a litigant has probable cause for the averments of his judicial pleadings does not depend merely upon the actual state of the case, but upon his honest belief in making said averments." Costello , 03-1146 at p. 23, 864 So.2d at 146.
On the record before us, we cannot find that the allegations of the amended answer were made with a lack of reasonable belief in their truth, and it is "[o]nly when a statement is found to be made without reasonable grounds for believing it to be true can the person uttering the statement be found to be actuated by malice or ill will." Kennedy , 05-1418 at p.20, 935 So.2d at 683. Rather, we agree with the federal magistrate judge and federal district judge who reviewed the allegations and the discovery and determined that the allegations were not malicious, specifically finding that they were made to conform the pleadings to facts which had been revealed through discovery. Further, they were made during the course of litigation, and were material to PURE's fraud defense. Accordingly, the statements complained of by Harvey are protected by a qualified litigation privilege.
No fact issues existed that precluded summary judgment.
Based on our de novo review of the record, we agree with the district court that Harvey failed to introduce summary judgment evidence indicating a genuine issue of material fact for trial on the issue of malice. Notwithstanding the burden-shifting that resulted from the fact that certain complained of allegations could be considered defamatory per se , the record establishes that Krouse met his burden by demonstrating that he had probable cause to make the averments and they were not made without a reasonable belief in their truth. Consequently, the trial court did not *541 err in holding that the alleged defamatory statements were subject to qualified privilege and that Harvey failed to overcome that privilege. Accordingly, the judgment of the district court is affirmed.
AFFIRMED
MCKAY, C.J., CONCURS

Saacks' wife also sought damages for loss of consortium in that suit, but because the facts at issue in the instant case relate only to Antoine Saacks, Jr., for the sake of convenience, we refer to plaintiff Saacks in the singular throughout this opinion.