| | | |
|---|---|---|
| **DEVIN JAMES BARNETT** | * | **NO. 2025-CA-0609** |
| | | |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **THE DOMAIN COMPANIES** | * | |
| **LLC, DOMAIN COS.** | | **FOURTH CIRCUIT** |
| **MANAGEMENT LLC,** | * | |
| **DOMAIN COMPANIES OF** | | **STATE OF LOUISIANA** |
| **LOUISIANA, LLC, DOMAIN** | * * * * * * * | |
| **SOUTH MARKET, LLC AND** | | |
| **XYZ INSURANCE COMPANY** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10453, DIVISION "L-6"
Honorable Kern A. Reese
* * * * * *
**Judge Monique G. Morial**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Monique G. Morial)

**LOBRANO, J., CONCURS WITH REASONS**

M. Palmer Lambert
PENDLEY BAUDIN & COFFIN
3500 N. Causeway Blvd., Suite 402
Metairie, LA 70002


      COUNSEL FOR PLAINTIFF/APPELLANT


David K. Persons
HAILEY McNAMARA HALL LARMANN & PAPALE, L.L.P.
3445 N. Causeway Blvd
Suite 800
Metairie, LA 70002


      COUNSEL FOR DEFENDANT/APPELLEE

      **REVERSED AND REMANDED**
      **MARCH 17, 2026**

Appellant, Devin James Barnett, ("Appellant"), appeals the June 18, 2025 summary judgment dismissing his personal injury claim for damages against the Appellees, the Domain Companies, LLC, Domain Cos. Management, LLC, Domain Companies of Louisiana, LLC and Domain South Market, LLC, ("Appellees"). For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**MGM**
**TGC**

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of December 15, 2019, Appellant was robbed at gun point and shot in the leg while walking his dog, Riley, near South Rampart Street. Prior to the shooting, he attended holiday celebrations with his law firm in the French Quarter, and returned home by pedi-cab at approximately 1:30 a.m. to his downtown residence, The Paramount. As a result of this incident, Appellant, suffered a serious injury to his leg, endured several surgeries to preserve his leg function, and was hospitalized for approximately four months following the shooting.

On December 9, 2020, Appellant filed a petition for damages alleging that Appellees did not exercise reasonable care and failed to provide lighting, security personnel, or otherwise provide accommodations so their residents could safely walk their pets in their neighborhood. He also alleged that Appellees' negligence in implementing an unsafe pet policy which required its residents to walk their pets outside the Paramount's premises was the proximate cause of his injuries as they had actual and constructive knowledge of the criminal activity in the surrounding downtown area. Appellees filed an Answer in April 2021 denying liability and alleging that the shooting was the intentional act of a third party, and the failure of Appellant to exercise reasonable care.

On February 13, 2025, Appellant filed a motion to compel discovery and 1442 deposition.[1] On February 20, 2025, Appellees filed a motion to continue trial arguing that the parties would be unable to complete discovery by the deadline because of disputes that had arisen regarding discovery issues. While Appellees had pending records subpoenas directed to Appellant's experts, and had noticed their depositions, Appellant sought to pursue additional discovery regarding criminal activity near The Paramount and requested to conduct a 1442 deposition.

Appellees filed a motion for summary judgment on February 20, 2025 arguing that they did not owe Appellant a duty to protect him from the criminal acts of third persons which did not occur on their premises. They further argued

---

[1] Appellant propounded discovery requests to Appellees on October 17, 2024. Appellant argued in his motion to compel that he did not receive responses to those requests until February 13, 2025. Appellant also previously noticed a 1442 deposition in October 2023, and issued a revised notice on November 18, 2024. He argued in his motion to compel that to date Appellees had yet to identify a corporate representative to participate in the deposition.

that Appellant knowingly entered into three separate leases with The Paramount and acknowledged upon signing each lease that Appellees would not provide security. Appellant filed an opposition to the motion for summary judgment a few months later responding that genuine issues of material fact existed as to whether Appellees owed Appellant a legal duty, and whether the scope of duty owed by Appellees encompassed the risk of harm that resulted in Appellant's injuries. Appellant also argued that the motion for summary judgment was premature as he did not have the opportunity to conduct adequate discovery.

The parties filed a joint motion to continue the trial date and for a status conference to reset deadlines on March 19, 2025 seeking additional time to respond to discovery requests and to prepare for trial. Appellant's motion to compel and Appellees' motion for summary judgment were set for hearing on May 16, 2025. On the hearing date, the trial court only considered Appellees' motion for summary judgment and rendered judgment on June 18, 2025 granting summary judgment, dismissing Appellant's claims with prejudice.[2] This timely appeal followed.

## ASSIGNMENT OF ERROR

Appellant assigns as error the trial court's finding that Appellees had no duty to protect Appellant from the criminal acts of third persons although he was off the premises due to Appellees' pet policy, and walked his dog in the location

---

[2] The June 18, 2025 judgment neither addresses nor disposes of Appellant's motion to compel.

advised by Appellees, and asserting that genuine issues of material fact remain in dispute that would preclude summary judgment.

## LAW AND DISCUSSION

An appellate court reviews a motion for summary judgment *de novo* "using the same criteria that the trial judge utilizes in determination of whether summary judgment is appropriate, in the light most favorable to the non-moving party." *Hooper v. Hero Lands Co.*, 15-0929, p. 12 (La. App. 4 Cir. 3/30/16), 216 So.3d 965, 973. "[A]s a result we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Precept Credit Opportunities Fund, L.P v. Elmore*, 2021-0502, p. 3 (La. App. 4 Cir. 4/20/22), 338 So.3d 87, 90 (citation omitted).

The burden of proof rests with the mover. La. C.C.P. art. 966(D)1. However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

When a motion for summary judgment is made and supported, the adverse party may not rest on the mere allegations or denials of his pleadings, but he must by affidavits, or otherwise, "set for specific facts showing that there is a genuine issue for trial." La. C.C.P. art. 967(B). *See Corbajal v. Chris Owens French Quarter Parade, LLC*, 24-00191, p. 4 (La. 5/21/24), 385 So.3d 236, 238. (citation omitted). "Once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Id.* (citation omitted). "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Crosby v. Sahuque Realty Co., Inc.*, 21-0167, p. 6 (La. App. 4 Cir. 10/13/21), 366 So. 3d 123, 128. (citation omitted). In this case, Appellees will not bear the burden of proof at trial. Thus, as the mover, their burden is to show an absence of factual support for one or more elements essential to Appellant's claim." *See Campbell v. Orient-Express Hotels, Louisiana, Inc.*, 24-00840, p. 6 (La. 3/21/25), 403 So.3d 573, 579.

Pursuant to our *de novo* review, we first consider whether there is merit to Appellant's argument, in his opposition to Appellees' motion for summary judgment, that summary judgment was premature as the parties were still conducting discovery before addressing the merits of this appeal. "When discovery is alleged to be incomplete, a trial court has the discretion to either hear the summary judgment motion or to grant a continuance to allow further discovery."

*Roadrunner Transportation Sys. v. Brown*, 17-0040, p. 11 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1272 (citation omitted). A trial court's decision to hear the motion for summary judgment is subject to an abuse of discretion standard. *Rivarde v. City of New Orleans*, 15-0655, p. 5 (La. App. 4 Cir. 3/9/16), 190 So.3d 400, 403.

"Although the language of [Louisiana Code of Civil Procedure] article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case." *Francois v. Ports America Louisiana, L.L.C.*, 20-0440, p.5 (La. App. 4 Cir. 3/10/21), 314 So.3d 894, 897 (quoting *Serpas v. Univ. Healthcare Sys.*, 16-0948, p. 2 (La. App. 4 Cir. 3/8/17), 213 So.3d 427, 428. The Louisiana Supreme Court has held that unless the plaintiff can demonstrate a likely injustice, a suit should not be delayed pending discovery when at an early stage it appears that there is no genuine issue of fact. *Rivarde*, 15-0655, p.7, 190 So.3d at 405.

The jurisprudence has pinpointed four factors when considering a claim of inadequate discovery:

(i)    whether the party was ready to go to trial,
(ii)   whether the party indicated what additional discovery was needed,
(iii)  whether the party took any steps to conduct additional discovery during the period between the filing of the motion and the hearing on it, and
(iv)   whether the discovery issue was raised in the trial court before the entry of summary judgment.

*Succession of Hickman*, 22-0730, p. 8 (La. App. 4 Cir. 3/15/23), 359 So.3d 584 591 (citing *Roadrunner*, 17-0040, pp.11-12, 219 So.3d at 1273.) Applying these

factors to the present case, we agree with Appellant's argument that there has not been adequate time for discovery.

First, neither party was ready for trial as evidenced by Appellees' motion to continue trial filed in early February 2025 in which they state, "[t]he parties will be unable to complete the discovery by the April 5, 2025 deadline, because of disputes which have arisen regarding discovery issues." Appellees scheduled a life care planning evaluation for the Appellant on February 11, 2025 and was in the process of scheduling evaluations with a neurosurgeon and psychiatrist. They had also issued records subpoenas to Appellant's experts and noticed their depositions.[3] Shortly thereafter, the parties filed a joint motion to continue the trial acknowledging the discovery issues and arguing that the current scheduling order did not afford either party sufficient time to prepare for trial.[4] The trial court granted the joint motion to continue trial; however, the record does not reflect that parties scheduled a new trial date.

Second, Appellant indicated in his February 13, 2025 motion to compel and his opposition to Appellees' motion for summary that he needed to conduct additional discovery regarding the criminal activity in the area of The Paramount, and that Appellee had not yet produced corporate documents, safety policies and procedures pertaining to security measures at The Paramount as he had requested. Also, Appellant noticed a 1442 deposition in November, 2024, and Appellees had neither identified a corporate representative nor produced him for a deposition prior to the filing of the motion for summary judgment. The parties held a Rule

---

[3] Appellees also alleged that Appellant would not produce his experts unless permitted to conduct further discovery regarding the criminal activity in the area surrounding the Paramount.
[4] Pursuant to the trial court's scheduling order, the discovery cut-off was April 5, 2025, and trial was originally set on May 5, 2025.

10.1 conference in early January 2025, and had several telephone conferences, but Appellees had not provided responses to the outstanding discovery responses, the 1442 deposition, or a pending request for production of documents.

Third, the record reflects that the Appellant took steps to conduct additional discovery as he filed a motion to compel prior to the filing of the Appellees' motion for summary judgment, and motion to continue trial. Moreover, he issued a subpoena to Pinnacle Security, a company that previously provided security services to The Paramount, on February 25, 2025. Lastly, the fourth factor has been met as Appellant raised the issue of lack of adequate discovery before the trial court in his memorandum in opposition to the motion for summary judgment, and in argument at the hearing on the motion, in which he stated: "We haven't had full discovery in this case yet. Your Honor knows that we have another motion pending as well."[5]

In the cases cited *supra* regarding inadequate discovery, the trial court tackled the issue before ruling on the motion for summary judgment. In *Hickman*, the trial court acknowledged appellant's outstanding discovery request for medical records, and found that she had an adequate opportunity to conduct discovery and granted summary judgment. 22-0730, p. 4, 359 So.3d at 589. In *Roadrunner*, the trial court also recognized appellant's concern regarding whether adequate time for discovery had been allowed before entering summary judgment in favor of the appellee. 17-0040, p.13, 219 So.3d at 1274. This Court reversed both matters finding that the district courts failed to allow adequate time for discovery.

---

[5] We also note for the record that while this matter has been pending in the trial court since December 2020, Appellant's present counsel did not enroll in this case until July 2023. Further, pursuant to the trial court's March 6, 2024 scheduling order, discovery was due to be completed in April 2025.

In the present case, Appellant's motion to compel and Appellees' motion for summary judgment were both set for hearing before the trial court on May 16, 2025, and the court proceeded with hearing only the motion for summary judgment. Although Appellant argued the issue of inadequate discovery during the summary judgment hearing, the trial court did not address his argument or otherwise dispose of his pending motion to compel.[6] Based on the *Roadrunner* factors, and the procedural posture of the case prior to the summary judgment hearing[7], we find the trial court abused its discretion when it granted Appellees' motion for summary judgment without even considering Appellant's inadequate discovery argument. We find that trial court should have disposed of the pending motion to compel prior to ruling on Appellees' motion for summary judgment. Finding that Appellees' motion for summary judgment was premature, we pretermit discussion on the merits of Appellant's assignment of error.

## DECREE

For the foregoing reasons, the June 18, 2025 judgment of the trial court granting Appellees' motion for summary judgment is reversed. This matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**

---

[6] The judgment rendered on June 18, 2025 dismissed Appellant's claims with prejudice, but does not address the pending motion to compel.

[7] Appellant filed his discovery motion prior to the filing of Appellees' motion for summary judgment, and Appellees conceded in their motion to continue trial and the joint motion to continue the parties' ongoing discovery issues.